# Exhibit 31



**From:** Andressa Costa [mailto:andressaxu@gmail.com]
**Sent:** Thursday, May 19, 2016 12:49 PM
**To:** tom@jackfitzgeraldlaw.com
**Subject:** Re: Diodato/Getty/Corbis - Engagement Letter

Sent from my iPhone

On May 19, 2016, at 2:49 PM, Tom Canova <tom@jackfitzgeraldlaw.com> wrote:



Thomas A. Canova

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f)  619-362-9555

www.jackfitzgeraldlaw.com

*Member, NY Bar; not admitted in CA

HIGHLY CONFIDENTIAL                    P00909

**From:** Andressa Costa [mailto:andressaxu@gmail.com]
**Sent:** Monday, May 16, 2016 1:37 PM
**To:** <tom@jackfitzgeraldlaw.com> <tom@jackfitzgeraldlaw.com>
**Subject:** Re: Diodato/Getty/Corbis - Engagement Letter

On Mon, May 16, 2016 at 3:48 PM, Tom Canova <tom@jackfitzgeraldlaw.com> wrote:

HIGHLY CONFIDENTIAL                                      P00910

Thomas A. Canova


**The Law Office of Jack Fitzgerald, PC**

Hillcrest Professional Building

3636 Fourth Avenue, Suite 202

San Diego, California 92103


(p) 619-692-3840

(f)  619-362-9555


www.jackfitzgeraldlaw.com


*Member, NY Bar; not admitted in CA

---

**From:** Andressa Costa [mailto:andressaxu@gmail.com]
**Sent:** Friday, May 06, 2016 7:25 AM
**To:** Elodie PASSELAIGUE <elodiepass@hotmail.com>
**Cc:** <tom@jackfitzgeraldlaw.com> <tom@jackfitzgeraldlaw.com>
**Subject:** Re: Dear Andressa this is Tom Canova, Dear Tom this is Andressa Costa


Hi Tom and Elodie,


I'm so sorry for delaying the response, I hope there's still time for me to join the case!

HIGHLY CONFIDENTIAL                                      P00911

Tom, very nice to meet you and let me know what you need from me!


Here is my information:

Andressa Viana Costa

███████████

███████████

█████████████████


Thank you so much!


A

Sent from my iPhone


On Apr 1, 2016, at 6:02 PM, Elodie PASSELAIGUE <elodiepass@hotmail.com> wrote:

> Dear Andressa,
>
> Please let me introduce you to Mr Tom Canova, the brilliant lawyer that had
> agreed to take on this case together with his flawless legal team.
>
> Below is every piece of information that you might need in order to contact Mr
> Canova via phone, postal mail, or email.
>
> Please feel free to contact Mr Canova at your convenience as he has officially
> given me his green light for you to contact him and thank you for taking the time
> to speak with me this morning.
>
> Elodie.
>
>
> Contact:
>
>
> Thomas A. Canova

**The Law Office of Jack Fitzgerald, PC**

Hillcrest Professional Building

3636 Fourth Avenue, Suite 202

San Diego, California 92103


(p) 619-692-3840

(f) 619-362-9555


www.jackfitzgeraldlaw.com


*Member, NY Bar; not admitted in CA


---------------------------------------------


Dear Tom,

Please allow me to introduce to you the beautiful and soft spoken Andressa Costa whose pictures were initially taken for editorial purposes in a magazine and ended up for sale on Getty Images.

Andressa and I were able to speak for a few minutes this morning and she has given me her ascent to have you contact her via the email address appointed in contact.

Thank you always for agreeing to take on this case: your help is invaluable to me.

Most sincerely,

Elodie.

Sent from my iPhone

HIGHLY CONFIDENTIAL                                   P00913

# Exhibit 32



Begin forwarded message:

**From:** Mariel Booth <marielbooth@gmail.com>
**Date:** August 4, 2017 at 3:59:29 PM EDT
**To:** Elodie PASSELAIGUE <elodiepass@hotmail.com>
**Subject: Re: Elodie from Willy**

It may be worth it so say that when I (may have) signed the release- he definitely did not say it was for stock photography rights- he said it would be used for his personal website, etc. but I should have read the fine print. He's a jerk.

The shoot was for sunglasses for an eyewear magazine. Then we did some (a lot) of "test" shots for "us" which he never gave to me. I basically worked for free and gave him free images of myself under the the understanding that he would provide me with copies for my book. When I asked him about it in person a few months later he laughed and said he was disorganized and he'd probably never edit them or give them to me.

Great guy. Class act.

Borge the sunglasses shoot and the test shots were on Getty images. I'm actually not sure the shoot was real in retrospect. He and his ex wife probably made the client up as a ruse to get me in the studio. I never saw the printed magazine.

So who knows?

It's been so long now. But that was my experience. Similar to yours I'm sure.
Mariel Booth

On Aug 4, 2017, at 3:49 PM, Mariel Booth <marielbooth@gmail.com> wrote:

1
HIGHLY CONFIDENTIAL                                    P00928

Hi Elodie,

I am so sorry to hear about your daughter's troubles! I hope she is doing alright. That must be very stressful!

I am actually pregnant and in my 3rd trimester! I'm having a daughter as well. It's my first and we are very excited :)

Regarding the lawsuit- I haven't spoken to Tom Conova in a long time. Wasn't sure the case was still happening. I was going through some major life upheaval when this case first came to light and had too much going on to focus on it.

I know that Bill Diodato sold my images to Getty without my knowledge, which is highly irritating and disappointing, because I knew him on a personal level and still he "duped" me. However, I haven't ever seen my images used for advertising or whatnot, and also I'm pretty sure he tricked me into signing a waiver at the shoot in question. I vaguely remember being convinced to sign something by him and his ex wife. I never usually sign paperwork at a shoot but... I trusted him, ha!! I could be wrong about signing - but I can't prove otherwise.

I am no longer modeling professionally, or represented by the agency who booked me the job that Bill Diodato shot in 2013. That may not have been the only time he tricked me. I can't be sure. He and I worked together several times over the span of my 15 year career.

With that being said,  I am happy to help with this case from afar (if that's possible). I'd be happy to see justice served to Diodato for being such a snake. But your lawyer mentioned me



That doesn't mean I'm unwilling to help you! Just Please try to understand that in light of those things and being pregnant and moving houses and preparing for motherhood, I am generally a little overwhelmed and only have a small amount of extra energy to devote.

I understand why your upset and do feel that Diodato deserves to be punished legally for being an asshole. He was sneaky and he lied and he took advantage of all of us. He profited off of us without our knowledge and I hope karma bites him in the ass for it.

Tell Tom conova he's welcome to reach out if he thinks that I can help after reading my stipulations regarding travel restriction and time commitment and also if he thinks I'm even useful if I signed a waiver.

HIGHLY CONFIDENTIAL                    P00929

Thanks and good luck with everything!

Best,
Mariel


Mariel Booth

On Aug 4, 2017, at 2:19 PM, Elodie PASSELAIGUE <elodiepass@hotmail.com>
wrote:

Dear Mariel,


I haven't been in touch for a while because my daughter
became epileptic in May of 2015, and every time her condition
heightens up everything else gets set aside. I hope all is well with
you.


If you remember, the last time we spoke, I was starting a
case against Getty Images and photographer Bill Diodato. The
case progressed and became a class action lawsuit on behalf of a
class of professional models because it appears that the
photographs taken by Bill Diodato have been offered on Getty's
website (and Corbis's website) under the name Adrianna Williams
to be licensed by others. I know that



Mariel, please

HIGHLY CONFIDENTIAL                                    P00930

Gratefully,


Elodie.



HIGHLY CONFIDENTIAL                    P00931

# Exhibit 33

## Filed Under Seal

# Exhibit 34



GI-00000345



GI-00000346



174603584

GI-00000347



174603586

GI-00000348



174603587

GI-00000349



174603588

GI-00000350



GI-00000351

174803590

GI-00000362

# Exhibit 35



533540037

GI-00000450



533540039

GI-00000451



533540041



533540043



533540045

GI-00000454



533540047

GI-00000455



533540049

GI-00000456



533540051

GI-00000457



GI-00000458



533540055



533540057

GI-00000460



533540059

GI-00000461



GI-00000462



533540063



533540065

GI-00000464



533540067

GI-00000465



533540069
GI-00000466



GI-00000467



533540075

GI-00000468



533540079

# Exhibit 36

## Filed Under Seal

# Exhibit 37

## Filed Under Seal

# Exhibit 38

## Filed Under Seal

# Exhibit 39

**To:**    Heather Cameron[heather.cameron@gettyimages.com]
**From:**    bill@billdiodato.com
**Sent:**    Fri 2/13/2015 4:57:05 PM
**Importance:**    Normal
**Subject:**    Re: model requesting picture removal, re Bill Diodato
**MAIL_RECEIVED:**    Fri 2/13/2015 4:57:57 PM

thank you Heather, I cannot take those images down.  I have too much invested in them.
thank you for your support…
best,
Bill

On Feb 12, 2015, at 8:54 PM, Heather Cameron <heather.cameron@gettyimages.com> wrote:

**Ms. Higgins, your failure to check the box doesn't invalidate your contract – it's a valid and binding contract.  I'm happy to discuss that point with your attorney or mother agency if you like.  I note you cc'd Mr. Diodato on this email exchange, so he will let Getty Images know if he chooses to remove the content as a professional courtesy to you, but there is no legal obligation to do so.  I appreciate you may regret this shoot now if you have moved on in your modeling career, but that regret doesn't obligate Mr. Diodato to pull your images.  I'm not trying to give you a hard time, but you're asking a lot of our photographer.**

**Heather Cameron**
**Director, Senior Paralegal**
**Getty Images, Inc.**
**605 5th Avenue S., Suite 400**
**Seattle, WA  98104**
**206.925.6424 Direct**
**206.925.5623 Facsimile**
**heather.cameron@gettyimages.com**

**From:** Haley Higgins [mailto:haleyp.higgins@gmail.com]
Sent: Thursday, February 12, 2015 5:39 PM
To: Heather Cameron
Cc: Michelle Burge; Getty Images Sales; bill@billdiodato.com
Subject: Re: model requesting picture removal, re Bill Diodato

Ms. Cameron,

I am contesting the validity of the release by merely pointing out the fact that neither box is checked, therefore the contract is incomplete and invalid. At this point I've asked your company several times, very nicely, to please just take the pictures down. I truly don't understand why you're giving me such a hard time for a simple request to stop selling my photo. Please do ask the photographer to take the pictures down on my behalf as I would really appreciate it.
Thank you!

Haley Higgins

On Feb 12, 2015, at 6:26 PM, Heather Cameron <heather.cameron@gettyimages.com> wrote:

Ms. Higgins, I did read the contract and it's valid.  Your date of birth indicates your age at the time of the shoot (22). If you are contesting the validity of your release, five years after the fact, due to incompetence or a lack of authority to sign this release, please let me know what mental or physical condition was at issue at that time so I can let the photographer know.

Heather Cameron
Director, Senior Paralegal

GI-00001101





CONFIDENTIAL



CONFIDENTIAL

GI-00001104

# Exhibit 40

## Filed Under Seal

# Exhibit 41

| | |
|---|---|
| **From:** | Scott Sholder |
| **To:** | Melanie Persinger; Marissa Lewis |
| **Cc:** | "Jack Fitzgerald" |
| **Subject:** | RE: Redacted version of P00030 |
| **Date:** | Tuesday, August 28, 2018 2:35:33 PM |
| **Attachments:** | image002.png |

Melanie,

Further to my e-mail below, we took the liberty of researching mediators and believe we have found someone who would be excellent for this case:  https://www.jamsadr.com/roberts/

I'm advised by Judge Roberts' case manager that she has some availability next month as well as October and November. Getty Images prefers to schedule mediation sooner rather than later and our availability lines up with Judge Roberts' on September 24-26.  The judge's hourly rate is $900 (total cost to be split between the parties).

Please advise if your client agrees to this mediator and these dates.

Thanks,
Scott

Scott Sholder
Cowan, DeBaets, Abrahams & Sheppard LLP
*tel: 212-974-7474*
ssholder@cdas.com

**From:** Scott Sholder
**Sent:** Wednesday, August 22, 2018 1:41 PM
**To:** Melanie Persinger <melanie@jackfitzgeraldlaw.com>; Marissa Lewis <MLewis@cdas.com>
**Cc:** 'Jack Fitzgerald' <jack@jackfitzgeraldlaw.com>
**Subject:** RE: Redacted version of P00030

Hi Melanie,

Thanks for the update.  The two dates your client suggests are federal holidays so our offices will be closed, and neither we nor our client will be available.  We understand your client has work commitments, but this is her case to prosecute, and we are giving her an opportunity to walk away with a payment without having to sink any more time and money into litigation.  Unless she is fully committed to being present in person (we don't think telephonic mediation will be productive) for as long as it takes to get the case settled, or at least to put forth best efforts to do so, then we won't be able to mediate, and we will simply continue with the litigation.

With that said, Getty Images can be flexible on dates.  We had suggested September 5 or 6 for your convenience so you wouldn't have to travel more than once given the September 7 conference, but if you and your client would prefer to push the mediation to a mutually agreeable date further into

September or October, that's fine, assuming you agree that your client will be present, and either you and/or Jack will also be present (no offense to Trevor, but we need counsel who is fully familiar with the case to participate).  Let me know.

Thanks,
Scott

---

**From:** Melanie Persinger <melanie@jackfitzgeraldlaw.com>
**Sent:** Tuesday, August 21, 2018 1:47 PM
**To:** Scott Sholder <ssholder@cdas.com>; Marissa Lewis <mlewis@cdas.com>
**Cc:** 'Jack Fitzgerald' <jack@jackfitzgeraldlaw.com>
**Subject:** RE: Redacted version of P00030

Hi Scott,

We've heard back from our client regarding possible dates for mediation and unfortunately, due to her work schedule, we cannot do either September 5 or 6. However, she is available on September 3 and October 8 because those are holidays at her place of employment. Additionally, she could be available prior to September 3 via telephone, so if you'd like to propose some dates between now and September 2 that you are available, we can let you know if they work for us as well.

Regards,

_____

Melanie Persinger

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f)  619-362-9555

www.jackfitzgeraldlaw.com

---

**From:** Scott Sholder <SSholder@cdas.com>
**Sent:** Wednesday, August 15, 2018 7:06 AM
**To:** Melanie Persinger <melanie@jackfitzgeraldlaw.com>; Marissa Lewis <MLewis@cdas.com>
**Cc:** 'Jack Fitzgerald' <jack@jackfitzgeraldlaw.com>
**Subject:** RE: Redacted version of P00030

Hi Melanie,

No problem – we will take care of this.

I'd like to reiterate once more the proposal that in-house counsel from Getty Images suggested to Ms. Passelaigue and Trevor on Monday, that we revisit the idea of mediation to try to get this case resolved.  In light of the upcoming discovery conference with the court on September 7, our thought was, if you were amenable and available, to schedule a mediation for September 5 or 6, so that if the case is not resolved through mediation, you wouldn't have to travel again for the conference.  Let us know your thoughts, and if you want to pursue this course, we can coordinate on logistics and picking a mediator.

Thanks,
Scott



Scott Sholder
Partner
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th fl., New York, NY 10010
*tel: 212-974-7474 / fax: 212-974-8474*
SSholder@cdas.com / www.cdas.com

*** This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the Recipient(s) indicated and may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended Recipient you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail. *** [v4141]

**From:** Melanie Persinger <melanie@jackfitzgeraldlaw.com>
**Sent:** Tuesday, August 14, 2018 5:34 PM
**To:** Scott Sholder <SSholder@cdas.com>; Marissa Lewis <MLewis@cdas.com>
**Cc:** 'Jack Fitzgerald' <jack@jackfitzgeraldlaw.com>
**Subject:** Redacted version of P00030

Hi Scott,

As mentioned today during the deposition, plaintiff inadvertently produced a fully unredacted copy of P00030, which contains plaintiff's social security number. Attached is a new version of that page, with plaintiff's social security number redacted. Accordingly, we ask that defendants remove and destroy all unredacted copies and replace them with the attached redacted version. Additionally, pursuant to paragraph 4 of the Stipulated Protective Order, we ask that to the extent such information may have been disclosed to anyone, defendants make all reasonable efforts to retrieve the information promptly and to avoid any further such disclosure.

Thank you,

_____

Melanie Persinger

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f)  619-362-9555

www.jackfitzgeraldlaw.com

# Exhibit 42

| From: | Scott Sholder |
|---|---|
| To: | jack@jackfitzgeraldlaw.com; melanie@jackfitzgeraldlaw.com; "Trevor Flynn" |
| Cc: | Nancy Wolff; Marissa Lewis |
| Subject: | RE: Passelaigue v. Getty Images, et al. - FRCP 11 |
| Date: | Thursday, September 13, 2018 7:57:32 AM |
| Attachments: | image002.png |

Jack,

Our clients do not consent to an amendment of the complaint this deep into the case, especially in light of your client's deposition testimony.  It is our belief, for the reasons stated in our motion, that the case should be dismissed with prejudice.  You are free to make a motion to amend, and we will oppose.

We can be available October 25 for mediation, and we have already proposed a mediator we think would be a good fit for this matter.
-Scott


Scott Sholder
Cowan, DeBaets, Abrahams & Sheppard LLP
*tel: 212-974-7474*
ssholder@cdas.com

**From:** jack@jackfitzgeraldlaw.com <jack@jackfitzgeraldlaw.com>
**Sent:** Wednesday, September 12, 2018 8:29 PM
**To:** Scott Sholder <ssholder@cdas.com>; melanie@jackfitzgeraldlaw.com; 'Trevor Flynn' <trevor@jackfitzgeraldlaw.com>
**Cc:** Nancy Wolff <NWolff@cdas.com>; Marissa Lewis <mlewis@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images, et al. - FRCP 11

Scott,

Although we disagree with the merits of your client's Rule 11 motion, please confirm that your client consents, pursuant to Fed. R. Civ. P. 15(a)(2), to our filing an amended Complaint to address issues raised in your client's motion.

Regarding mediation, we can offer October 25, November 6, and November 11 in New York with Ms. Passelaigue and myself present. Shall each side suggest a few potential mediators?

Regards,
Jack


_____


Jack Fitzgerald

**The Law Office of Jack Fitzgerald, PC**

Hillcrest Professional Building

3636 Fourth Avenue, Suite 202

San Diego, California 92103

(p) 619-692-3840

(f)  619-362-9555

(c) 650-440-3170

www.jackfitzgeraldlaw.com

---

**From:** Scott Sholder [mailto:ssholder@cdas.com]
**Sent:** Thursday, September 06, 2018 3:29 PM
**To:** Jack Fitzgerald (jack@jackfitzgeraldlaw.com) <jack@jackfitzgeraldlaw.com>;
melanie@jackfitzgeraldlaw.com; 'Trevor Flynn' <trevor@jackfitzgeraldlaw.com>
**Cc:** Nancy Wolff <NWolff@cdas.com>; Marissa Lewis <mlewis@cdas.com>
**Subject:** Passelaigue v. Getty Images, et al. - FRCP 11
**Importance:** High

Counsel:

Please see the attached motion papers which are being served upon you pursuant to Federal Rule 11(c)(2).  A hard copy set is being served by mail in accordance with Federal Rule 5.

While we are confident in the merits and the outcome of this motion, we reiterate that Getty Images is still willing to engage in a pragmatic resolution of this case in light of the transaction costs involved with further motion practice.  For that reason alone, Getty Images is still willing to mediate, but such mediation must be scheduled and concluded within the next 30 days, and as noted before, lead attorneys and clients must be present in person.  We sent you a mediator and schedule recommendation on August 28, 2018, but received no response to our e-mail.

If your client is unwilling to cooperation in this regard, we will simply proceed with this motion and the remainder of the case, and will suspend all settlement negotiations indefinitely.

Getty Images (US), Inc., Bill Diodato Photography, LLC, and Bill Diodato reserve all rights, remedies, claims and defenses.

Very truly yours,



Scott Sholder
Partner
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th fl., New York, NY 10010
*tel:* 212-974-7474  / *fax:* 212-974-8474

ssholder@cdas.com / www.cdas.com

*** This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the Recipient(s) indicated and may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended Recipient you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail. *** [v4141]

# Exhibit 43

I975pasC

```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    ELODIE PASSELAIGUE,

 4                    Plaintiff,              New York, N.Y.

 5             v.                             16 Civ. 1362 (VSB)

 6    GETTY IMAGES (US), INC., et
      al.,
 7
                      Defendants.
 8
      ------------------------------x
 9
                                             September 7, 2018
10                                           4:05 p.m.

11    Before:

12                      HON. VERNON S. BRODERICK,

13                                           District Judge

14

15                          APPEARANCES

16

17    THE LAW OFFICE OF JACK FITZGERALD, P.C.
           Attorneys for Plaintiff
18    BY:   MELANIE R. PERSINGER

19    COWAN DeBAETS ABRAHAMS & SHEPPARD, LLP
           Attorneys for Defendants
20    BY:  SCOTT J. SHOLDER
      BY:   MARISSA B. LEWIS
21

22

23

24

25
```

I975pasC

```
1    need to consider whether we want to take more depositions.  It
2    wouldn't be many, though.
3              THE COURT:  Let me ask this with regard to, because
4    again, I will tell you from my inclination it is not to have
5    bifurcation and I would exercise my discretion in that regard,
6    but out of a matter of curiosity, what was the plaintiff's
7    testimony about this specific issue that you contend would
8    resolve the matter?
9              MR. SHOLDER:  The plaintiff had no recollection at all
10   of the signing of the model release.
11             THE COURT:  Okay.
12             MR. SHOLDER:  There are very detailed allegations in
13   the complaint and in the opposition to the motion to dismiss
14   concerning what happened, when it happened, and who was there,
15   and what was said to her.  And, when asked, under oath, she
16   claimed to have no recollection of what happened or when it
17   happened or who said what to her.
18             THE COURT:  Okay.
19             MR. SHOLDER:  And our witness statements contradict
20   that and support our client's version of what happened and we
21   believe that deposition testimony also would support that side
22   of the story.
23             THE COURT:  All right.
24             Again, while I understand that that is your position
25   that it would, it is not clear to me that there still wouldn't
```

I975pasC

be issues of fact when it would come down to summary judgment

and that that would preclude the granting of summary judgment

on that.  And, even with that, that necessarily this particular

defect in the plaintiff's claim would necessarily wipe out the

class allegations in light of, again, what I understand the

defects are.

          So, in light of those two issues and my discretion in

the matter, I am going to deny the application motion to

bifurcate.  There is no need to -- I think there was a -- there

may have been reference in the letter for further briefing.  We

don't need to further brief it.  I think I understand the issue

and so I am denying the request for bifurcation.

          So, let's move now to the requests, and first which I

guess is document 69 which is the letter from the defendant

relating to, first, request 10, 11 and 13, I believe, and as I

understand it this is a request where the plaintiff had

indicated that documents are work product or privilege or

something like that.

          I think in connection with this, and I will hear from

the parties, but what my inclination is -- well, let me ask

this first.  Has a privilege log been produced?

          MS. PERSINGER:  Yes, your Honor.

          THE COURT:  Okay.  In connection with that privilege

log, how many documents are we talking about that are on that

privilege log?

# Exhibit 44

| | |
|---|---|
| **From:** | jack@jackfitzgeraldlaw.com |
| **To:** | "Scott Sholder"; "Melanie Persinger"; "Marissa Lewis"; "Nancy Wolff" |
| **Subject:** | RE: Passelaigue v. Getty Images et al. - Upcoming depositions |
| **Date:** | Thursday, August 2, 2018 11:32:03 AM |
| **Attachments:** | image002.png |

Scott,

I am just back today from vacation, so apologies for the delay in my response.

First, congratulations on your being named one of Law360's top attorneys under 40.

Second, thank you for trying to accommodate our request to schedule all the depositions in September. For a variety of reasons, it looks like it will be better to just maintain the date we have scheduled now for Ms. Passelaigue, i.e., August 13. We also pinged Mr. Bram and Ms. Clybourn regarding their availability the day after. Unfortunately, Mr. Bram is not available that day, and by the date you mentioned in September, he will be living outside the country. If you'd like to suggest alternative dates for him, we will do our best to facilitate scheduling his deposition. We have not yet heard from Ms. Clybourn, but will advise you when we do.

Finally, regarding your inquiry whether our non-party clients will be responding to Rule 33 and 34 document requests and interrogatories – no. If you serve document subpoenas on them (the previous ones having been withdrawn), which we are authorized to accept, they will respond under the Federal Rules (i.e., Rule 45).

Give me a call if you'd like to discuss scheduling any further

Regards,
Jack



_____

Jack Fitzgerald

**The Law Office of Jack Fitzgerald, PC**

Hillcrest Professional Building

3636 Fourth Avenue, Suite 202

San Diego, California 92103

(p) 619-692-3840

(f)  619-362-9555

(c) 650-440-3170

www.jackfitzgeraldlaw.com

---

**From:** Scott Sholder [mailto:SSholder@cdas.com]
**Sent:** Wednesday, August 01, 2018 6:48 PM
**To:** jack@jackfitzgeraldlaw.com; 'Melanie Persinger' <melanie@jackfitzgeraldlaw.com>; Marissa Lewis <MLewis@cdas.com>; Nancy Wolff <NWolff@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images et al. - Upcoming depositions

Apologies for the confusion, but I just realized that Sept 10-11 is Rosh Hashanah and Sept. 19 is Yom Kippur, so both Marissa and I will be unavailable on those days.  I'm circling back with our client again and will get back to you shortly.  We'll get this nailed down eventually...

-Scott

> Scott Sholder
> Cowan, DeBaets, Abrahams & Sheppard LLP
> *tel: 212-974-7474*
> SSholder@cdas.com

---

**From:** Scott Sholder
**Sent:** Tuesday, July 31, 2018 11:13 AM
**To:** jack@jackfitzgeraldlaw.com; 'Melanie Persinger' <melanie@jackfitzgeraldlaw.com>; Marissa Lewis <MLewis@cdas.com>; Nancy Wolff <NWolff@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images et al. - Upcoming depositions

Jack and Melanie,

We've spoken to our clients, and based on witness availability, the following schedule would work for us in September:

-Sept. 10:  Passelaigue deposition
-Sept. 11:  Phil Bram/Brittany Clybourn depositions (half day each)
-Sept. 12:  Andressa Costa deposition (full day)
-Sept. 14:  Diodoato 30(b)(6) deposition (Bill Diodato)
-Sept. 19:  Getty Images 30(b)(6) deposition (in Seattle)

Please let me know if you have heard from Ms. Costa yet.  Also, we will need documents and interrogatory answers from your clients sufficiently in advance of the depositions; please provide these materials on or before August 10.

Thanks,
Scott

**From:** jack@jackfitzgeraldlaw.com <jack@jackfitzgeraldlaw.com>
**Sent:** Wednesday, July 18, 2018 3:45 PM
**To:** Scott Sholder <SSholder@cdas.com>; 'Melanie Persinger' <melanie@jackfitzgeraldlaw.com>;
Marissa Lewis <MLewis@cdas.com>; Nancy Wolff <NWolff@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images et al. - Upcoming depositions

OK, Scott. We have reached out but not heard from her yet. We will let you know if we do.

_____

Jack Fitzgerald

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f)  619-362-9555
(c) 650-440-3170

www.jackfitzgeraldlaw.com

**From:** Scott Sholder [mailto:SSholder@cdas.com]
**Sent:** Wednesday, July 18, 2018 12:39 PM
**To:** jack@jackfitzgeraldlaw.com; 'Melanie Persinger' <melanie@jackfitzgeraldlaw.com>; Marissa
Lewis <MLewis@cdas.com>; Nancy Wolff <NWolff@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images et al. - Upcoming depositions

I will respond to your e-mail in due course but note that we are not, in fact, withdrawing our
subpoena to Ms. Costa given that you have not indicated authorization to accept service on her
behalf and/or have not heard from her in that regard.  We still plan to serve her personally.

Scott Sholder
Cowan, DeBaets, Abrahams & Sheppard LLP
*tel:* _212-974-7474_
SSholder@cdas.com

**From:** jack@jackfitzgeraldlaw.com <jack@jackfitzgeraldlaw.com>
**Sent:** Wednesday, July 18, 2018 3:37 PM
**To:** Scott Sholder <SSholder@cdas.com>; 'Melanie Persinger' <melanie@jackfitzgeraldlaw.com>;
Marissa Lewis <MLewis@cdas.com>; Nancy Wolff <NWolff@cdas.com>

**Subject:** RE: Passelaigue v. Getty Images et al. - Upcoming depositions

Scott –

I'm surprised at the tone of your email. We have been nothing but cooperative, and your email mischaracterizes much of the record. For example, it is true that you noticed depositions in May 2017, but so did we, and then the parties agreed to table them both ways. Your agreement not to take her deposition then hardly supports your allegation that we delayed or obstructed.

Moreover, your use of words like "conveniently," suggesting suspicion of, or perhaps even accusing my client of wrongdoing, is inappropriate. Deposition dates are always a compromise between the parties, and we are working on providing you a date, not only for Ms. Passelaigue, but also for the third parties you have subpoenaed whom we represent. That Ms. Passelaigue had plans to be in France on August 6—a date you did not clear before serving your deposition notice—is neither surprising nor nefarious.

We have been working on getting dates for Ms. Passelaigue for you as near to August 6 as possible. I wish my client were more responsive than she is and that I could have provided those dates already. But I've forwarded your below email to her and emphasized, again, the importance of her providing us dates for you ASAP.

Given your email, we understand that your subpoenas directed to Mr. Bram, Ms. Clybourn, and Ms. Costa are now withdrawn. If you choose to re-notice them, we are authorized to accept new subpoenas on behalf of Mr. Bram and Ms. Clybourn. Let us know if we are mistaken.

----

*While drafting this email, we received an email from Ms. Passelaigue saying that she is available for deposition on August 11. Would you like us to inquire with Mr. Bram and Ms. Clybourn about their availability for depositions* after *August 11, i.e., the week of August 13-17?*

----

Regarding defendants, please identify Getty's 30(b)(6) witness you mention, and provide dates for his availability before August 20. Likewise, please provide dates for a 30(b)(6) for Diodato before August 20.

Regards,

Jack

_____

Jack Fitzgerald

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f)  619-362-9555
(c) 650-440-3170

www.jackfitzgeraldlaw.com

**From:** Scott Sholder [mailto:SSholder@cdas.com]
**Sent:** Wednesday, July 18, 2018 11:44 AM
**To:** Melanie Persinger <melanie@jackfitzgeraldlaw.com>; Marissa Lewis <MLewis@cdas.com>; Nancy Wolff <NWolff@cdas.com>
**Cc:** 'Jack Fitzgerald' <jack@jackfitzgeraldlaw.com>
**Subject:** RE: Passelaigue v. Getty Images et al. - Upcoming depositions

Melanie,

We have been attempting to schedule Ms. Passelaigue's deposition for more than a year now, and have given her several opportunities to testify.  Specifically, we first noticed her deposition on May 23, 2017, seeking to depose her on June 29, 2017, and were only told in mid-June by Mr. Canova that she was unwilling and/or unable to be deposed on weekdays, including the noticed date. Second, on June 13, 2018, we noticed her deposition for June 27, 2018, and were told that you and Jack were not available and that your client had been non-responsive as to her availability.  At that time Jack indicated that he would try to provide alternative dates for the deposition post-July 2, but such dates were not, in fact, provided.  Now, conveniently, after our third notice of deposition dated July 2, 2018, your client will be in France on the noticed date of August 6, even though we gave her five weeks' notice and made it clear that she was to be present on this date (see my July 2, 2018 e-mail).  We are in the unfortunate position of having to assume that her absence from the country on that date was no coincidence.

Further, we will not take depositions of the other witnesses before the named plaintiff in this action.  As I'm sure you can appreciate, your clients have every incentive to synchronize their stories, and to give ancillary witnesses the opportunity to report back to the central figure in this case prior to her

own deposition would be completely inappropriate and extremely unfair to our clients.

So your client can either rearrange her travel schedule to be present on August 6, or we will make a record of her absence from her own deposition and seek recourse from the court accordingly, including under FRCP 30(g) and 37(d).  Of course, if she'd like dismiss this case with prejudice voluntarily, she can spend as much time overseas as she wishes.  This is her case to prosecute and if she is not interested in doing so, she should stop wasting all of our time and our clients' money.

As to the Getty Images 30(b)(6) witness, he is located in Seattle, so you will have to travel there to depose him.  I am waiting to hear back regarding his availability, but it would not be the week of the other depositions (if they go forward) given that I will also have to travel to Seattle.

Finally, please advise as to the status of your clients' document collections and answers to interrogatories and whether responses and materials will be provided in the time requested.

-Scott



Scott Sholder
Partner
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th fl., New York, NY 10010
*tel: 212-974-7474  / fax: 212-974-8474*
SSholder@cdas.com / www.cdas.com

*** *This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the Recipient(s) indicated and may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended Recipient you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail. *** [v4141]*

**From:** Melanie Persinger <melanie@jackfitzgeraldlaw.com>
**Sent:** Tuesday, July 17, 2018 1:59 PM
**To:** Scott Sholder <SSholder@cdas.com>; Marissa Lewis <MLewis@cdas.com>; Nancy Wolff <NWolff@cdas.com>
**Cc:** 'Jack Fitzgerald' <jack@jackfitzgeraldlaw.com>
**Subject:** Passelaigue v. Getty Images et al. - Upcoming depositions

Hi Scott,

I have heard back from Brittany Clybourn and she has authorized us to accept service of the subpoena on her behalf. However, she will not be available until 2:00 p.m. on August 8, 2018. Would it be possible to push her deposition from 9:30 a.m. to 2 p.m.?

I have heard back from Phil Bram, and he will be able to attend his deposition as noticed, on August 7 at 2:00 p.m.

I have thus far not been able to get in touch with Andressa Costa, but will let you know if that

changes.

Unfortunately, Elodie will be in France on the date of her noticed deposition, August 6, 2018. I am waiting to hear back from her regarding a date around that time when she will be back in the country.

Lastly, can you please provide us with availability for 30(b)(6) depositions of Getty Images and Bill Diodaoto as close to August 7 and 8 as possible?

Regards,


_____
Melanie Persinger

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f)  619-362-9555

www.jackfitzgeraldlaw.com

# Exhibit 45

| From: | Scott Sholder |
| --- | --- |
| To: | jack@jackfitzgeraldlaw.com |
| Cc: | trevor@jackfitzgeraldlaw.com; melanie@jackfitzgeraldlaw.com; val@jackfitzgeraldlaw.com; Marissa Lewis; Nancy Wolff |
| Subject: | RE: Defendant Depositions |
| Date: | Thursday, September 13, 2018 7:38:15 PM |
| Attachments: | image833001.png |

Jack,

The Getty Images 30(b)(6) witness is no longer available this month.  We had offered some specific dates and this particular VP had cleared his schedule, but we took the date off his calendar this week because we had not heard back from you in quite some time.  We'll come up with alternative dates but they will not be until at least next month.

As for Diodato, the document collection and production will take time.  We are working to come up with a plan for how to tackle this project without causing our client close up shop and will produce documents as soon as we've figured out how to most efficiently and completely collect and review them.  I can't currently give you a timeframe other than to say it will likely take a few weeks given the burdens involved.  I'll pose the same question to you, though: when do you expect to produce the documents that your client owes per the discovery conference and based on the document requests made during the deposition?

Regarding mediation, we've previously proposed dates but received no response.  It should not take months to get a mediation on the calendar and my client is not willing to continue to kick the can down the road, while incurring additional defense costs, just because your client continually fails to respond to attempts to move the case along and/or get this case to resolution.  As I told Melanie, I can empathize when it comes to unresponsive clients, but my client shouldn't have to suffer as a result of the plaintiff's seeming disinterest in her own case.

Accordingly, I have been instructed by my client to file the Rule 11 motion no later than October 8, and that my client is willing to mediate only if the mediation occurs prior to that date; October 25 is no longer an option.  Otherwise, I have been instructed to file the motion and cease all attempts to resolve the case until we have a ruling. My client remains willing to mediate and believes the case can and should be resolved without further litigation, but time is of the essence.  We look forward to your response.

Regards,
Scott



Scott Sholder
Partner
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th fl., New York, NY 10010
*tel: 212-974-7474  / fax: 212-974-8474*

| ssholder@cdas.com / www.cdas.com

*** This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the Recipient(s) indicated and may also be

*privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended Recipient you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail. *** [v4141]*

**From:** jack@jackfitzgeraldlaw.com <jack@jackfitzgeraldlaw.com>
**Sent:** Thursday, September 13, 2018 2:00 PM
**To:** Scott Sholder <SSholder@cdas.com>
**Cc:** trevor@jackfitzgeraldlaw.com; melanie@jackfitzgeraldlaw.com; val@jackfitzgeraldlaw.com
**Subject:** Defendant Depositions

Hi, Scott –

We would like to take defendants' depositions shortly. When do you expect Mr. Diadato to complete the production ordered by the Court?

In the meanwhile, please provide dates this month for Getty's 30(b)(6) deposition in Seattle.

Thanks,
Jack

_____

Jack Fitzgerald

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f)  619-362-9555
(c) 650-440-3170

www.jackfitzgeraldlaw.com

# Exhibit 46

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Elodie Passelaigue | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   1:16-cv-01362-VSB |
| Getty Images (US), Inc. et al. | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        Max Miller

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 747 Third Avenue – 10th Floor New York, NY 10017 | Date and Time: 09/24/2018 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic & videotape

☐ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/13/2018

| _CLERK OF COURT_ | OR | /s/ Jack Fitzgerald |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Elodie Passelaigue
, who issues or requests this subpoena, are:

Jack Fitzgerald; 3636 Fourth Ave. Ste 202, San Diego, CA, 92103; jack@jackfitzgeraldlaw.com; (619) 692-3840

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:16-cv-01362-VSB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit 47

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Elodie Passelaigue | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    1:16-cv-01362-VSB |
| Getty Images (US), Inc. et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                          Linda Hilfiker

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  747 Third Avenue – 10th Floor  New York, NY 10017 | Date and Time:  09/25/2018 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic & videotape

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/13/2018

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Jack Fitzgerald |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Elodie Passelaigue
, who issues or requests this subpoena, are:

Jack Fitzgerald; 3636 Fourth Ave. Ste 202, San Diego, CA, 92103; jack@jackfitzgeraldlaw.com; (619) 692-3840

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:16-cv-01362-VSB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit 48

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Elodie Passelaigue | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   1:16-cv-01362-VSB |
| Getty Images (US), Inc. et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Lauren Benward Krause

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| | |
|---|---|
| Place:   Regus<br>       3558 Round Barn Blvd, Suite 200<br>       Santa Rosa, California, 95403 | Date and Time:<br>      10/01/2018 9:00 am |

      The deposition will be recorded by this method:    Stenographic & videotape

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/13/2018

| *CLERK OF COURT* | |
|---|---|
| | OR      /s/ Jack Fitzgerald |
|    *Signature of Clerk or Deputy Clerk* |    *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Elodie Passelaigue
                                     , who issues or requests this subpoena, are:

Jack Fitzgerald; 3636 Fourth Ave. Ste 202, San Diego, CA, 92103; jack@jackfitzgeraldlaw.com; (619) 692-3840

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:16-cv-01362-VSB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit 49

| From: | Scott Sholder |
|---|---|
| To: | jack@jackfitzgeraldlaw.com; Marissa Lewis; melanie@jackfitzgeraldlaw.com |
| Cc: | trevor@jackfitzgeraldlaw.com; Nancy Wolff |
| Subject: | RE: Passelaigue v. Getty Images (US), Inc., et al. |
| Date: | Thursday, September 20, 2018 2:04:48 PM |
| Attachments: | image002.png |

Jack,

I disagree that it was proper for you to serve a party you knew was represented by counsel. Regardless of what the FRCP says, you knew she was our client, so to serve her with a subpoena, especially with a week's notice and not notify us is, at the very least, discourteous  particularly in light of our last conversation, in which you never mentioned third-party depositions.  To avoid another of these situations, I will accept service of Mr. Miller's subpoena.

I will determine alternative dates for Ms. Hilfiker.  I have no idea about Ms. Benward's availability, and, again, you did not provide enough notice, particularly given that we would have to fly to California to defend her.  Regardless, I am not available to travel that week.  To my knowledge Mr. Miller is traveling much of the next month, so I will have to find out when he is available.  I spoke with Bill Diodato today and he is available to be deposed on October 24, and both he and Getty Images will agree to a mediation on October 25 assuming we can secure a mediator for that date.  I haven't yet had a chance to review the credentials of your proposed mediator.  I will do that today and perhaps we can connect to discuss tomorrow.

We will hold off until after October 25 to file the Rule 11 motion assuming all other litigation activity other than Bill's deposition is suspended until after mediation.  If you insist on taking 4 depositions prior to October 25 (and I can't guarantee witness availability), there will be no money left for Getty Images to pay any settlement if it comes to that.  The only way it makes sense for Getty Images to pay your client anything to settle a case we think has no merit is to stop the bleeding of legal fees until we can see whether there is a settlement to be had.  If you'd rather pursue depositions, we can forego mediation entirely.  At this point, it's up to you; let me know how you'd like to proceed.

-Scott


Scott Sholder
Cowan, DeBaets, Abrahams & Sheppard LLP
*tel: 212-974-7474*
ssholder@cdas.com

**From:** jack@jackfitzgeraldlaw.com <jack@jackfitzgeraldlaw.com>
**Sent:** Thursday, September 20, 2018 3:32 PM
**To:** Scott Sholder <ssholder@cdas.com>; Marissa Lewis <mlewis@cdas.com>;
melanie@jackfitzgeraldlaw.com
**Cc:** trevor@jackfitzgeraldlaw.com; Nancy Wolff <NWolff@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images (US), Inc., et al.

Scott –

Sorry, I was out of the office yesterday.

We served a deposition subpoena on Ms. Hilfiker—and prepared deposition subpoenas for Mr. Miller and Ms. Benward—in part based on your Rule 11 papers. To the extent you mean to suggest below that our doing so was in any way improper, that is wrong. Rule 45 does not require notice of deposition subpoenas (only subpoenas calling for documents), and serving a subpoena is not "direct contact" with your client—is it service of process.  I checked, and Ms. Benward was served yesterday, with notice for her deposition on October 1. A copy is attached. If you are authorized and would prefer to accept the subpoena directed to Mr. Miller, we will pull back the personal service, which has not yet been effected, and serve him through you.

Your email below suggests your client may no longer intend to file its Rule 11 motion on October 8, and to mediate on October 25 first, as we discussed last week. If that is the case, we can obviously proceed with the depositions we need to take in more deliberate fashion. For now, we will take Ms. Hilfiker's deposition off calendar for September 25, but please do provide us dates in September or October that she is available.

Thanks,
Jack


_____


Jack Fitzgerald

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f)  619-362-9555
(c) 650-440-3170

www.jackfitzgeraldlaw.com

---

**From:** Scott Sholder [mailto:ssholder@cdas.com]
**Sent:** Wednesday, September 19, 2018 7:51 AM
**To:** Marissa Lewis <mlewis@cdas.com>; jack@jackfitzgeraldlaw.com;

melanie@jackfitzgeraldlaw.com
**Cc:** trevor@jackfitzgeraldlaw.com; Nancy Wolff <NWolff@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images (US), Inc., et al.

Jack,

We were just informed that you served a deposition subpoena on Linda Hilfiker dated September 13 seeking to depose her on September 25, which she just received today.  As you know, we represent Linda in her capacity as a witness in this case and have for quite some time.  We were not given notice of the subpoena nor were we sent a copy, and when we spoke by phone on September 14, you never mentioned your intention to serve the subpoena or to depose Linda.  Please refrain from direct contact with our clients (which also include Max Miller and Lauren Benward) and keep us apprised of your intentions and attempts to take depositions.  We will speak with Linda concerning this matter, but in any event, for the reasons stated above, and because she was only given 6 days' notice, no deposition will take place next Tuesday.

Further to Marissa's e-mail below, I am attempting to confirm whether Bill will be available prior to your proposed mediation date of 10/25; I am speaking with him tomorrow and should have more information then.  The Getty Images 30(b)(6) witness will not be available prior to 10/25.

I am out of the office today for Yom Kippur but will be back tomorrow should you need to discuss any of these issues further.

Regards,
Scott

> Scott Sholder
> Cowan, DeBaets, Abrahams & Sheppard LLP
> *tel:* 212-974-7474
> ssholder@cdas.com

**From:** Marissa Lewis
**Sent:** Tuesday, September 18, 2018 7:07 PM
**To:** jack@jackfitzgeraldlaw.com; melanie@jackfitzgeraldlaw.com
**Cc:** trevor@jackfitzgeraldlaw.com; Nancy Wolff <NWolff@cdas.com>; Scott Sholder
<SSholder@cdas.com>
**Subject:** Passelaigue v. Getty Images (US), Inc., et al.

Dear Jack and Melanie,

Please find attached the following documents:
- A letter regarding Plaintiff's privilege log and various other discovery deficiencies;
- Defendants' Second Set of Interrogatories to Plaintiff;
- Notice of Issuance of Subpoena to Spiegel Brands, Inc.; and
- Notice of Issuance of Subpoena to Newport News, Inc.

We are still working on scheduling deposition and mediation dates and will get back to you as soon as possible.

Regards,
Marissa



Marissa Lewis
Associate
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th fl., New York, NY 10010
*tel: 212-974-7474  / fax: 212-974-8474*
mlewis@cdas.com / www.cdas.com

*** *This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the Recipient(s) indicated and may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended Recipient you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail.* *** [v4141]*

# Exhibit 50

| | |
|---|---|
| **From:** | Scott Sholder |
| **To:** | Jack Fitzgerald (jack@jackfitzgeraldlaw.com); melanie@jackfitzgeraldlaw.com |
| **Cc:** | Nancy Wolff; Marissa Lewis; val@jackfitzgeraldlaw.com; trevor@jackfitzgeraldlaw.com |
| **Subject:** | Passelaigue - Motion to Amend Complaint / Rule 11 |
| **Date:** | Friday, October 19, 2018 1:31:35 PM |
| **Attachments:** | image581001.png |
| | RE Passelaigue v. Getty Images (US) Inc. et al. (43.0 KB).msg |
| | RE Passelaigue v. Getty Images (US) Inc. et al. (599 KB).msg |
| **Importance:** | High |

Jack and Melanie,

We very clearly agreed to suspend litigation activities until after Bill's deposition and the mediation, yet you filed a letter motion to amend the complaint last night. Indeed, I was also very clear when I said that we would agree to not file our sanctions motion until after the mediation on the condition that all other litigation activity was suspended. See attached. You indicated that you understood the desire to minimize litigation until after 10/25. See attached. We were made to believe that the parties would focus on mediation and revisit all other issues later. You unilaterally decided otherwise.

I now have no choice but to file my Rule 11 motion, as instructed by my clients. You took advantage of our trust and good will and willingness to try to resolve this matter and failed to keep your end of the bargain. Nothing was preventing you from clicking submit immediately after the mediation (in less than a week) if no settlement was reached rather than forcing us to incur even more time and expense responding to your motion while a major party deposition and full-day mediation are on the immediate horizon (and with pre-mediation statements due the same day you filed your motion). Unfortunately this conduct only serves to reinforce our belief that sanctions are warranted here.

Further, please note that as far as we are concerned, the outcome of your motion to amend will not impact your entitlements concerning Bill Diodato's deposition. We'd ask that you stipulate that you will not seek to depose him again based on what transpires with respect to your motion to amend. If you are not willing to do that, you may want to reconsider the timing of his deposition. Assuming we are proceeding on Wednesday, we are amenable to having the deposition at our offices.

Finally, you filed a letter motion pursuant to an outdated set of Judge Broderick's rules; no pre-motion letter was required under his updated practices currently on his page on the court's website. It is now not clear how long we have to respond to the motion so I would suggest mutually agreeing on 21 days and notifying the court by joint letter. Please advise if you are in agreement.

-Scott



Scott Sholder
Partner
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th fl., New York, NY 10010
*tel: 212-974-7474  / fax: 212-974-8474*
ssholder@cdas.com / www.cdas.com

*** This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the Recipient(s) indicated and may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended Recipient you are hereby notified that

*disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail. *** [v4141]*