**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building | 3636 Fourth Avenue, Suite 202 | San Diego, California 92103
Phone: (619) 692-3840 | Fax: (619) 362-9555
www.jackfitzgeraldlaw.com

November 13, 2018

The Honorable Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse,
40 Foley Square
New York, New York 10007

Re:   Letter Motion to Amend Complaint
      <u>Elodie Passelaigue v. Getty Images (US), Inc., et al.</u>, 1:16-cv-01362-VSB

Dear Judge Broderick:

We write on behalf of Plaintiff, pursuant to the Court's October 28, 2018 Order directing her "to file a letter motion, not to exceed three pages, seeking leave to amend" the Complaint (Dkt. No. 97 at 2).[1] Plaintiff wishes to amend the Complaint to conform the pleadings to information learned after the original filing, particularly in light of defendants' motion asserting a violation of Rule 11 on the basis that certain of Plaintiff's allegation of signing the Model Release in 2004 is inaccurate.

Plaintiff had recalled photographer Bill Diodato asking her about using the Clinique photos for his website and portfolio, and signing the release in 2004. Although her allegations, some made on information and belief, were based on a lengthy and detailed investigation, it now seems most likely Ms. Passelaigue signed the release in 2009—at least, Plaintiff has not developed evidence, beyond her own testimony, to support the claim it was signed in 2004.

Although Defendants' Rule 11 motion is meritless, Plaintiff intended, if necessary, to later move "to amend the pleadings to conform them to the evidence," pursuant to Fed. R. Civ. P. 15(b)(2). Because of the Rule 11 motion, and because the issues in the case have been streamlined through discovery and several Court orders, Plaintiff moves to amend now, rather than waiting. Accordingly, plaintiff seeks leave to update the allegations relating to when the Model Release was likely signed, to add facts learned since the filing of the original Complaint, including through discovery, and to reflect the Court's Order on Defendants' Motion to Dismiss (Dkt. No. 74).

Pursuant to Federal Rule of Civil Procedure 15, leave to amend the Complaint "should [be] freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "While granting or denying such leave is within the discretion of the district court, leave to amend will generally be granted unless: (1) there is evidence of undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile." *Raymond v. City of New York*, 2018 WL 3148356, at *4 (S.D.N.Y. June 27, 2018) (citations omitted). "Furthermore, amendment is favored

---

[1] Plaintiff recently withdrew a similar filing after a miscommunication over the scope of a "stand-still" agreement pending mediation. (*See* Dkt. No. 95.) Because the parties did not settle, Plaintiff now refiles her request. On October 24, 2018, after withdrawing her initial letter (Dkt. No. 95), plaintiff took defendant Diodato's deposition. The instant letter motion thus reflects developments in plaintiff's case theory based on information learned during Diodato's deposition.

Melanie Persinger | melanie@jackfitzgeraldlaw.com

where it would allow the merits of a claim to be fully adjudicated." *Travelers Indem. Co. of Connecticut v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 560 (S.D.N.Y. 2001) (citation omitted).

Although Defendants argue in their Rule 11 motion that Plaintiff's allegations are inaccurate, they refused to stipulate to her amending the Complaint to address the inaccuracies, insisting that Plaintiff's only avenue for complying with Rule 11 is to dismiss her case entirely. Defendants' real motive thus appears to be strong-arming plaintiff into going away, particularly in light of its continued insistence that the threshold issue in this case is when the Model Release was signed by plaintiff. (*See*, *e.g.*, Dkt. No. 81 (seeking bifurcation to first determine when the Model Release was signed).) Further, because defendants are, through their Rule 11 motion, seeking complete dismissal of plaintiff's claims, "[i]f the Court were to deny Plaintiff's motion for leave to amend at this juncture, it would essentially be finding, *ipse dixit,* that Plaintiff's claims . . . are without merit . . . and that Plaintiff is not entitled to obtain evidence to support those claims. . . [i]n the absence of the filing of a motion to dismiss or summary judgment motion[.]" *Rates Tech. Inc. v. Mediatrix Telecom, Inc.*, 2007 WL 2021905, at *8 (E.D.N.Y. Mar. 16, 2007). The Court thus "would be remiss in denying Plaintiff's motion outright" under such circumstances and "Plaintiff's motion for leave to file a first amended Complaint [should thus] be granted." *See id.* (recommending granting leave to amend where plaintiff sought leave after defendants filed a Rule 11 motion seeking dismissal, but had not filed a motion for summary judgment).

In addition to addressing when the Model Release was likely signed, Plaintiff's proposed First Amended Complaint also adds allegations relating to a *single image*, taken at a photo shoot not discussed in the original Complaint, as it did not become clear until after filing that one of plaintiff's images was in fact from a 2003 photo shoot for Avon, rather than the 2004 Clinique or 2009 Spiegel shoot. While this image is within the pleadings in the original Complaint because it falls within the original proposed class definition—"photographs . . . taken by or on behalf of Diodato . . . and then conveyed to Getty in a manner by which the photographer has been identified by the pseudonym Adrianna Williams" (Compl. ¶ 104)—and plaintiff alleges that Bill Diodato and Getty unlawfully used her image without consent in the same manner as her other images,[2] it is not clear from the current allegations that, because the image was taken at the Avon shoot, neither Diodato nor Getty have a release that even purports to convey to them the right to license this image. Thus, justice requires allowing plaintiff to add these allegations because Diodato admits he "did not obtain a specific model release for the image," and "erroneously associated [the image] with the . . . Model Release" when submitting the image to Getty. (Diodato's Responses to Plaintiff's Requests for Admission, Answers to Request Nos. 6 & 7.) As such, defendants had no basis for their use of plaintiff's image, and should not be allowed to avoid liability merely because plaintiff learned of this further violation after the Complaint was filed. *See Termer v. Clark Equip. Co.*, 32 Fed. R. Serv. 2d 1323 (W.D.N.Y. 1981).

Defendants' admissions also mean amendment would not be futile, particularly since some of Plaintiff's claims have survived relating to images for which defendants assert they did obtain a valid release. (*See generally* Dkt. No. 74.) This leaves only two possible remaining arguments under Rule 15's standard for permitting amendment: that "there is evidence of undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed"

---

[2] For these same reasons, plaintiff's allegations relating to the Avon image are not barred by the statute of limitations. *See* Fed. R. Civ. P. 15(c)(1) (amendment "relates back to the date of the original pleading when[ ] . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.").

Case 1:16-cv-01362-VSB   Document 105   Filed 11/14/18   Page 3 of 4

3 | P a g e

or that "allowing amendment would cause undue prejudice to [defendants]." *See Raymond*, 2018 WL 3148356, at *4 (citation omitted). Neither precludes amendment here.

First, Defendants will not be prejudiced by plaintiff's proposed amendment. Discovery has not yet closed and is open for at least another 10 weeks. (*See* Dkt. Nos. 72, 90.) All other case deadlines, including pretrial disclosures and trial, will be set at or following a post-discovery conference (*see* Dkt. No. 72), which is not yet scheduled. Finally, Defendants have had constructive notice of plaintiff's claim regarding the Avon image since the filing of the Complaint, as it falls within the proposed class definition and Plaintiff's allegations regarding defendants unlawful behavior, and in any event no later than September 2016, when plaintiff sought discovery relating to the image upon learning of its being offered for license on the Getty Images website. (*See* Dkt. No. 81 at 2 (defendant noted that "Plaintiff . . . obtain[ed] information about this image as of October 28, 2016" in response to September 28, 2016 requests).) Plaintiff also produced documents relating to the Avon shoot in December 2016 (P1) and September 2017 (P95) and defendants themselves produced the Avon image in April 2017, recognizing it as responsive to plaintiff's May 2016 requests for production. Defendants thus should have and likely did reasonably anticipate Plaintiff's identical claims relating to this image.

Second, there has been no undue delay. Although plaintiff has known that the Avon image was taken at a separate photo shoot since mid-2016, she has not unduly delayed in seeking amendment of the Complaint because"[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Travelers Indem. Co. of Connecticut v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 560 (S.D.N.Y. 2001) (quoting *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). Indeed, "federal courts consistently grant motions to amend where it appears that new facts and allegations were developed during discovery, are closely related to the original claim, and are foreshadowed in earlier pleadings." *Id.* (citing *State Teachers Retirement Bd.*, 654 F.2d at 856 (granting plaintiff's amendment despite delay of three years on grounds that there was no undue prejudice)); *see also Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 176-78 (S.D.N.Y. 2014) (granting leave where motion was filed after the deadline because there had been no depositions taken, the parties had not identified experts or exchanged reports, had not moved for summary judgment, no trial date was set, and fact discovery was still open).

Nor is plaintiff's waiting to amend the Complaint the result of any bad faith or dilatory motive, but rather a result of the somewhat unique procedural posture of this case. Although this action was filed in February 2016, Defendants' motion to dismiss the Complaint was pending until March of this year (*see* Dkt. No. 74). Accordingly, until eight months ago, Plaintiff was unsure what the precise scope of the case would be moving forward. It was thus reasonable to wait to seek leave to amend, particularly where discovery was still ongoing, and additional facts could, and did, come to light requiring further amendment.

Lastly, defendants cannot argue that plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed because plaintiff has not yet been given leave to amend the Complaint. The Court should, accordingly, find that permitting amendment is particularly appropriate here. *See Integra FX3X Fund, L.P. v. Deutsche Bank, AG*, 2016 WL 1169514, at *6 (S.D.N.Y. Mar. 22, 2016); *Jean v. Barber*, 2010 WL 144396, at *3 (N.D.N.Y. Jan. 11, 2010).

Accordingly, the Court should, respectfully, permit plaintiff to file the attached proposed First Amended Complaint (Exhibit 1; *see also* Exhibit 2 (redline showing changes between the current Complaint and the proposed First Amended Complaint)).

---

Melanie Persinger | melanie@jackfitzgeraldlaw.com

**4 |** P a g e

                 Respectfully submitted,

                 *Melanie Persinger*

                 Melanie Persinger

cc: All Counsel of Record (via ECF)

---

Melanie Persinger | melanie@jackfitzgeraldlaw.com