# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELODIE PASSELAIGUE, on behalf of herself and all others similarly situated, | |
| Plaintiffs, | Case No. 16-cv-01362-VSB-BCM |
| v. | **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES (CONFORMED RE: CONFIDENTIALITY)** |
| GETTY IMAGES (US), INC., BILL DIODATO PHOTOGRAPHY, LLC, and BILL DIODATO, | |
| Defendants. | |

Plaintiff Elodie Passelaigue, by and through her undersigned counsel, pursuant to Fed. R. Civ. P. 26 and 33, hereby serves her responses and objections to defendants' first set of interrogatories, dated September 8, 2016.

## I.     PRELIMINARY STATEMENT

Plaintiff reserves the right to change or supplement these responses as additional facts or documents are discovered, revealed, recalled or otherwise ascertained, and as further analysis, research, investigation and discovery disclose additional facts, documents, contentions or legal theories which may apply.  Plaintiff reserves the right to utilize subsequently discovered documents or other evidence at trial.

No incidental or implied admissions are intended by these responses and none shall be made or inferred. Nothing stated in these responses is an admission of a fact or the existence of a document referred to or assumed in any request, or an admission that anything stated in these responses is admissible evidence, or waiver of an objection.

The general and specific objections set forth below are intended to apply to all information produced or provided pursuant to the interrogatories. Furthermore, these responses do not in any way waive any objections by plaintiff, in this or in any subsequent proceeding, on any grounds, including objections as to the competency, authenticity, relevancy, materiality, privilege or admissibility of the responses, or the same subject matter thereof.

## I.   OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

Plaintiff objects to the definitions and instructions to the extent they purport to impose upon plaintiff obligations beyond those imposed by the Federal Rules or Local Civil Rules.

Plaintiff objects that the Requests violate Local Civil Rule 26.3, which provides that "[n]o discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d)," because defendants use a broader definition for the term "Document." In addition, defendants improperly expand the Local Rule's rule of construction, including without limitation in its definition nos. 3 (defining "'or' and 'and'") and 9 (regarding singular/plural, gender, and verb tense). Where applicable, plaintiff will respond to the Requests under the definitions and rules of construction set forth in the Local Civil Rules.

Plaintiff also objects to definition no. 4, defining "You" and "Your" as including Ms. Passelaigue's "past and present agents, representative, attorneys and accountants." To the extent the interrogatories call for information which is not in plaintiff's personal

knowledge, to which she could sign and verify, these instructions and definitions attempt to broaden the scope of discovery beyond what is permissible under the Federal Rules, and are further objectionable to the extent they would cover information that is protected by attorney-client privilege and/or work product immunity.

Plaintiff further objects to definition no. 7 insofar as it is overbroad and seeks irrelevant information in light of defendants' position that Getty Images, Inc. was not a proper party in this action and plaintiff's dismissal without prejudice of Getty Images, Inc. as a party.

Plaintiff objects to instruction no. 1, stating defendants' interrogatories are "directed to responsive information within your knowledge, or within the knowledge of your agents and other employees (including attorneys)" as seeking information not within the personal knowledge of plaintiff, to which she could sign and verify.

Plaintiff objects to instruction no. 5 to the extent it purports to impose upon plaintiff obligations beyond, or different from, those set forth in Local Civil Rule 26.2. Plaintiff objects to the extent instruction no. 5 purports to impose upon plaintiff an obligation to identify on a privilege log communications between plaintiff and her counsel of record post-dating plaintiff's engagement of counsel for this matter, which is unduly burdensome and not proportional to the needs of the case.

Plaintiff objects to instruction no. 6 in that plaintiff is aware of no authority requiring her to specifically identify documents by production (or "Bates") number if an interrogatory is answered by reference to records. Nor is plaintiff aware of any authority

requiring her to make available computerized information or summaries thereof, provide any compilations, abstracts, or summaries, or produce or make available for inspection and copying any documents that were referenced in answering the interrogatory.

Plaintiff also objects to instruction no. 10 insofar as it overbroad and imposes an undue burden, and seeks information that is irrelevant, or protected by attorney-Client privilege and/or work product.

## II.   **GENERAL OBJECTIONS**

Plaintiff objects to each Request to the extent it:

1.   Calls for the disclosure of information protected by the attorney-client communication privilege, the attorney work product doctrine, or any other applicable protection;

2.   Purports to impose an obligation of production on any person other than plaintiff, including on plaintiff's counsel;

3.   Fails to reasonably particularize the documents sought, is overbroad, or is not reasonably limited in subject matter, temporal scope, or geographical scope, such that the Request calls for information not relevant to any party's claims or defenses in the action, not likely to lead to the discovery of admissible evidence, or not proportional to the needs of the case;

4.   Calls for legal conclusions or speculation to be able to respond to the Request, or seeks information that is more properly the subject of expert testimony, or which involves purely legal questions and issues;

5.      Imposes an undue burden because the Request calls for documents in the public domain, already in Defendants' possession, custody or control, or in the possession, custody or control of a person from whom it is easier to obtain the requested documents;

6.      Seeks documents or information not relevant to any claims or defenses in the case, and not likely to lead to the discovery of admissible evidence; or

7.      Otherwise imposes an obligation beyond that required by the Federal or Local Rules.

## III.   SPECIFIC OBJECTIONS & RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Persons, including models, who claim to have had the same or similar experience in connection with Diodato and/or Getty Images as You set forth in the Complaint and that serve as the basis for the allegations in the Complaint.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the above general objections, including as to definitions and instructions.

Plaintiff further objects that the request is vague and ambiguous as to the phrases "who claim to have had" and "same or similar." Plaintiff will interpret this request as seeking the identity of persons whose images it appears that DIODATO and/or GETTY have used without valid consent for that particular use, subject to continuing investigation. Subject to and without waiver of the foregoing objections:

**THE FOLLLOWING NAMES ARE DESIGNATED CONFIDENTIAL UNDER THE STIPULATED PROTECTIVE ORDER (DKT. NO. 61):**



**INTERROGATORY NO. 2:**

Identify all Persons, including models, who You have contacted or communicated with in connection with those Persons potentially becoming members of the putative class as the putative class is defined in the Complaint.

rights through her pre-filing investigation and also through this action has further resulted

in harm to her reputation among members of the industry.


Dated: October 12, 2016      /s/ Thomas A. Canova_____
THOMAS A. CANOVA (TC 7270)
*tom@jackfitzgeraldlaw.com*
JACK FITZGERALD (JF 3831)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (*pro hac vice*)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (*pro hac vice*)
*melanie@jackfitzgeraldlaw.com*
**THE LAW OFFICE OF JACK FITZGERALD, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

***Attorneys for Plaintiff and the Proposed Class***

## **VERIFICATION**

I, Elodie Passelaigue, am the plaintiff in this matter. I have read the foregoing PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES (CONFORMED RE: CONFIDENTIALITY), and based upon my personal knowledge, verify under penalty of perjury of the laws of the United States that the responses are true and correct to the best of my present knowledge and recollection.

Executed on ___November 11th___, 2018 in New York, New York.

Elodie Passelaigue

# EXHIBIT B

Plaintiff Elodie Passelaigue's Privilege Log, *Passelaigue v. Getty Images (US), Inc.*, No. 16-cv-01362 (VSB)(BCM) (S.D.N.Y)

**KEY**

| Name | Position/Title |
|------|----------------|
| Phil Bram (client) | Model whose images appeared on Corbis under the photographer "Adrianna Williams," at least some of which now appear on Getty Images (*e.g.*, Creative #: 523011436, 523015478, 523011414, 523010658, 523010638, 523011402, 523015462). |
| Lucia Fiala | Model whose images appeared on Corbis under the photographer "Adrianna Williams" at least some of which now appear on Getty Images (*e.g.*, Creative #:527615582, 527615550, 527627302, 527626312, 527615564). |
| Simone Awor | Model whose images appeared on Corbis under the photographer "Adrianna Williams," at least some of which now appear on Getty Images (*e.g.*, Creative #: 523296318, 523368574, 523295318, 523295284, 523363762, 522982124, 523355364, 523295326, 523341692, 523295270, 523296082, 523296166, 523366636, 523295380). |
| Mariel Booth | Model whose images appeared on Getty Images under the photographer "Adrianna Williams" and remain now under photographer "Bill Diodato" (*e.g.*, Creative #:174603583, 174603582, 174603589, 174603588, 174603584, 174603587, 174603586, 533540055, 533540063, 533540065, 533540037, 533540079, 533540075, 533540073, 533540071, 533540069, 533540067, 533540061, 533540059, 533540057, 174603590, 533540039, 533540047, 533540049, 533540041, 533540051, 533540045, 533540043), including images which used to appear on Corbis, at least some of which now appear on Getty Images (*e.g.*, Creative #:527608078, 527608112, 527611474, 527608062). |
| Chris Ryan | Model whose images appeared on Getty Images under the photographer "Adrianna Williams" " and remain now under photographer "Bill Diodato" (*e.g.*, Creative #: 150339718, 150339714, 150339713, 150339712, 150339711, 150339826, 150339825, 150339824, 150339823). |
| Andressa Costa (client) | Model whose images appeared on Getty Images under the photographer "Adrianna Williams" " and remain now under photographer "Bill Diodato" (*e.g.*, Creative #: 174597892, 174597891, |

| Name | Position/Title |
|---|---|
| | 174597890, 174466297, 174466296, 174466294, 174466292, 174466288, 174466285, 174466284, 174466283, 174466282). |
| Traci Copeland | Model whose images appeared on Getty Images under the photographer "Adrianna Williams" (*e.g.*, Creative #: 169759933, 169759925, 169759921, 169759920, 169759904, 169759898, 169758887, 150340129, 150340123, 150340122, 150340121, 150340120, 150340119). Ms. Copeland's images also appeared on Corbis under the photographer "Adrianna Williams," but those images don't seem to have been transferred over to Getty Images. |
| Brittany Clybourn (client) | Model whose images appeared on Getty Images under the photographer "Adrianna Williams" (*e.g.*, Creative #: 174466298, 174466295, 174466293, 174466291, 174466290, 174466289, 174466287, 174466286, 174605496, 174605495). |
| Haley Higgins | Model whose images appeared on Getty Images under the photographer "Adrianna Williams" (*e.g.*, Creative #: 169759911, 169759910, 169759909; 169759907, 169759897, 169759894, 153543127, 153543126, 153543125, 169759908), including images which used to appear on Corbis, at least some of which now appear on Getty Images " (*e.g.*, Creative #:527612706, 527609830, 527609884, 527610262, 527609800). |
| Topher DesPres | Agent at Wilhelmina Models |
| Richard Agudelo | Photographer |
| Karol Marie | Model whose images used to appear on Corbis and at least some of which now appear on Getty Images " under photographer "Bill Diodato" (*e.g.*, Creative #:522910324, 522982050). |
| Kris Buchholz | Model whose images appeared on Getty Images under the photographer "Adrianna Williams" (*e.g.*, Creative #: 138584826), including images which used to appear on Corbis, at least some of which now appear on Getty Images (*e.g.*, Creative #: 523331210, 523331210, 523331008). |
| Ali Grace Marquart | In-house counsel at Wilhelmina Models |

| Name | Position/Title |
|---|---|
| Jen Tourigny | Model Manager at Wilhelmina Models |
| Lauren Benward Krause | Listed as witness to Model Release purporting to release images of plaintiff Elodie Passelaigue |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| 1 | Email chain | April 1, 2015 | Lucia Fiala; Elodie Passelaigue | Elodie Passelaigue; Lucia Fiala | | Image used on CorbisImages.com | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| 2 | Email chain | April 1, 2015 – April 13, 2015 | Elodie Passelaigue; Lucia Fiala | Elodie Passelaige; Lucia Fiala | | Image used on CorbisImages.com | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 3 | Email chain | April 1, 2015 – July 28, 2015 | Elodie Passelaigue; Lucia Fiala | Elodie Passelaige; Lucia Fiala | | Image used on CorbisImages.com | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| 4 | Email chain | April 1, 2015 | Elodie Passelaigue; Lucia Fiala | Lucia Fiala; Elodie Passelaigue | | Photos | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 5 | Email chain | June 12, 2015 – June 18, 2015 | Phil Bram; Ali Grace Marquart | Ali Grace Marquart; Phil Bram; Elodie Passelaigue | Elodie Passelaigue | Gillette Unauthorized Use | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| 6 | Email chain | June 18, 2015 | Phil Bram; Elodie Passelaigue | Elodie Passelaigue; Phil Bram | | Bill Diodato | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 7 | Email chain | July 14, 2015 – July 15, 2015 | Phil Bram; Elodie Passelaigue | Elodie Passelaigue; Phil Bram | | Did you find any pictures of yourself on the Getty or Corbis Images websites? | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 8 | Email chain | July 15, 2015 – October 8, 2015 | Tom Canova; Phil Bram | Phil Bram; Tom Canova | Jack Fitzgerald | Bill Diodato/Corbis case | N/A | Attorney-Client Privileged Communication; Attorney Work Product under the direction of counsel |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| 9 | Email chain | February 3, 2016 – February 18, 2016 | Lucia Fiala; Elodie Passelaigue | Elodie Passelaigue; Lucia Fiala; Tom Canova | Tom Canova; Elodie Passelaigue | Adrianna Williams | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 10 | Email chain | February 3, 2016 – February 28, 2016 | Lucia Fiala; Elodie Passelaigue | Elodie Passelaigue; Lucia Fiala; Tom Canova | Tom Canova; Elodie Passelaigue; Melanie Persinger | Adrianna Williams | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 11 | Email chain | February 3, 2016 – February 4, 2016 | Jen Tourigny; Ali Grace Marquart; Elodie Passelaigue; Tom Canova | Elodie Passelaigue; Jen Tourigny; Ali Grace Marquart; | | Getty and Corbis | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation under the direction of plaintiff's counsel |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| 12 | Message sent through Karol Marie's website | February 9, 2016 | Karol Marie | Elodie Passelaigue | | Message from "Elodie Passelaigue" via your Flavors.me contact form (continuing investigation of putative class members' claims) | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 13 | Email chain | February 9, 2016 | Karol Marie; Elodie Passelaigue | Elodie Passelaigue; Karol Marie | | Message from "Elodie Passelaigue" via your Flavors.me contact form (continuing investigation of putative class members' claims) | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 14 | Email chain | March 1, 2016 – March 7, 2016 | Lauren Benward Krause; Tom Canova | Tom Canova; Lauren Benward Krause | Jack Fitzgerald; Tom Canova | 2004-2010 (continuing investigation of putative class members' claims) | N/A | Attorney Work Product prepared in anticipation of litigation |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| 15 | Email chain | March 23, 2016 | Elodie Passelaigue; Tom Canova | Haley Higgins; Elodie Passelaigue | | Getty Photos | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 16 | Email | March 28, 2016 | Elodie Passelaigue | Simone Awor | | Stock photos | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 17 | Email chain | March 28, 2016 | Simone Awor; Elodie Passelaigue | Elodie Passelaigue; Simone Awor | | photos on Corbis | Simone1.tiff; Simone2.tiff; Simone3.tiff; Simone4.tiff; Simone5.tiff; Simone6.tiff; Simone7.tiff; Simone8.tiff; Simone9.tiff; Simone10.tiff; Simone11.tiff; Simone12.tiff; Simone13.tiff; Simone14.tiff; | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Simone15.tiff; Simone16.tiff; Simone17.tiff; Simone18.tiff; Simone19.tiff; Simone20.tiff; Simone21.tiff; Simone22.tiff; Simone23.tiff; Simone24.tiff; Simone25.tiff | |
| 18 | Email chain | March 30, 2016 – March 31, 2016 | Tom Canova; Chris Ryan; Elodie Passelaigue | Elodie Passelaigue; Chris Ryan | Tom Canova | Chris meet Tom Canova - brilliant lawyer, Tom meet Chris Ryan another one of my coworkers whom I had the pleasure of speaking with today (continuing investigation of putative class members' claims) | N/A | Attorney-Client Privileged Communication |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| 19 | Email chain | March 30, 2016 – April 12, 2016 | Tom Canova; Mariel Booth | Elodie Passelaigue; Tom Canova; Mariel Booth | Elodie Passelaigue | Dear Mariel this is Mr. Tom Canova, Dear Tom this is Mariel Booth... (continuing investigation of putative class members' claims) | N/A | Attorney-Client Privileged Communication |
| 20 | Email chain | March 30, 2016 – May 19, 2016 | Tom Canova; Mariel Booth; | Elodie Passelaigue; Tom Canova; Mariel Booth | Elodie Passelaigue; Tom Canova | Dear Mariel this is Mr. Tom Canova, Dear Tom this is Mariel Booth...; Getty/Corbis/Diodato - Engagement Letter | Engagement Letter – Mariel Booth.pdf | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |
| 21 | Email | March 30, 2016 | Elodie Passelaigue | Mariel Booth | | Getty Images Lawsuit | N/A | Attorney-Client privileged communication |
| 22 | Email chain | March 30, 2016 – | Elodie Passelaigue; Brittany Clybourn; | Brittany Clybourn; | Elodie Passelaigue | Use of Images | N/A | Attorney-Client privileged communication |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| | | April 11, 2016 | Tom Canova | Elodie Passelaigue | | | | |
| 23 | Email chain | March 30, 2016 | Andressa Costa; Elodie Passelaigue | Jen Tourigny; Andrssa Costa; Elodie Passelaigue | | Images; Legal Action | image001.jpg; image002.jpg; image003.jpg; image004.jpg; image005.jpg; image009.png | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |
| 24 | Email chain | March 30, 2016 - March 31, 2016 | Tom Canova; Traci Copeland; Brittany Clybourn; Haley Higgins; Chris Ryan | Chris Ryan; Topher DesPres | Tom Canova | Images | image001.png; Untitled attachment 00054.htm; GETTY - WILLY MODELS.docx; Untitled | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |
| 25 | Email chain | March 30, 2016 – July 19, 2016 | Traci Copeland; Brittany Clybourn; Haley Higgins; Chris Ryan; | Topher DesPres; Chris Ryan; Tom Canova | | Images | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| | | | Tom Canova | | | | | |
| 26 | Email chain | March 30, 2016 | Topher DesPres; Traci Copeland; Brittany Clybourn; Haley Higgins; Chris Ryan; Elodie Passelaigue | Jen Tourigny; Topher DesPres; Chris Ryan; Elodie Passelaigue | | Images | CORBIS - WILLY MODELS.docx; GETTY - WILLY MODELS.docx | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation under the direction of plaintiff's counsel |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| 27 | Email chain | April 1, 2016 – May 19, 2016 | Tom Canova; Andressa Costa; Elodie Passelaigue | Elodie Passelaigue; Tom Canova; Andressa Costa | Tom Canova | Dear Andressa this is Tom Canova, Dear Tom this is Andressa Costa; Diodato/Getty/Corbis - Engagement Letter | Engagement Letter – Andressa Costa.pdf | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 28 | Email chain | April 19, 2016 | Tom Canova; Richard Agudelo; | Richard Agudelo; Tom Canova | Melanie Persinger | Passelaigue v. Getty Images (US), Inc. et al., No. 16-cv-01362-VSB (continuing investigation of putative class members' claims) | Passelaigue v. Getty Images (US), Inc., et al. - Benward Declaration.pdf; Passelaigue v. Getty Images (US), Inc., et al. - Hilfiker Declaration.pdf; Passelaigue v. Getty Images (US), Inc., et al. - Model Release (2).JPG; Passelaigue v. | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Getty Images (US), Inc., et al. - Model Release (3).JPG; Passelaigue v. Getty Images (US), Inc., et al. - Model Release (1).pdf; Passelaigue v. Getty Images (US), Inc. et al. - Miller's Digital Signature.tiff; Passelaigue v. Getty Images (US), Inc., et al. - Miller Declaration.pdf | |
| 29 | Email | October 11, 2016 | Andressa Costa | Tom Canova | Melanie Persinger; Tom Canova | Bill Diodato/Getty/Corbis | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| 30 | Email | October 11, 2016 | Mariel Booth | Tom Canova | Melanie Persinger; Tom Canova | Bill Diodato/Getty/Corbis | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |
| 31 | Email | October 11, 2016 | Haley Higgins | Tom Canova | Melanie Persinger; Tom Canova | Bill Diodato/Getty/Corbis | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |
| 32 | Email | October 11, 2016 | Kris Buchholz | Tom Canova | Melanie Persinger; Tom Canova | Bill Diodato/Getty/Corbis | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |
| 33 | Email | October 11, 2016 | Phil Bram | Tom Canova | Melanie Persinger; Tom Canova | Bill Diodato/Getty/Corbis | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | anticipation of litigation |
| 34 | Email chain | October 11, 2016 – October 12, 2016 | Brittany Clybourn; Tom Canova | Tom Canova; Brittany Clybourn | Melanie Persinger; Tom Canova | Bill Diodato/Getty/Corbis | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |
| 35 | Email chain | October 11, 2016 – October 13, 2016 | Brittany Clybourn; Tom Canova | Tom Canova; Brittany Clybourn | Melanie Persinger; Tom Canova | Bill Diodato/Getty/Corbis | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |
| 36 | Email chain | October 11, 2016 – October 14, 2016 | Brittany Clybourn; Tom Canova | Tom Canova; Brittany Clybourn | Melanie Persinger; Tom Canova | Bill Diodato/Getty/Corbis | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| 37 | Email | October 11, 2016 | Chris Ryan | Tom Canova | Melanie Persinger; Tom Canova | Getty/Corbis Images | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |
| 38 | Email | October 11, 2016 | Simone Awor | Tom Canova | Melanie Persinger; Tom Canova | Getty/Corbis/Bill Diodato | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |
| 39 | Email | October 11, 2016 | Lucia Fiala | Tom Canova | Melanie Persinger; Tom Canova | Getty/Corbis/Bill Diodato | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |
| 40 | Email chain | October 11, 2016 – October 13, 2016 | Karol Marie; Tom Canova | Tom Canova; Karol Marie | Tom Canova | Getty/Corbis/Bill Diodato | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | anticipation of litigation |
| 41 | Email chain | October 11, 2016 – October 14, 2016 | Karol Marie; Tom Canova | Tom Canova; Karol Marie | Tom Canova | Getty/Corbis/Bill Diodato | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation |
| 42 | Email chain | August 4, 2017 – August 5, 2017 | Lucia Fiala; Elodie Passelaigue | Elodie Passelaigue; Lucia Fiala | | Elodie – We last worked together at BG (continuing investigation of putative class members' claims) | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 43 | Email chain | August 4, 2017 | Simone Awor; Elodie Passelaigue | Elodie Passelaigue; Simone Awor | | Elodie (with Meghan) (continuing investigation of putative class members' claims) | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 44 | Email chain | August 4, 2017 | Mariel Booth; | Elodie Passelaigue; | | Elodie from Willy (continuing | N/A | Attorney Work Product prepared in |

| Entry No. | Type of Document | Date | To | From | CC: | Subject or Description | Attachments | Privilege or Protection Asserted |
|---|---|---|---|---|---|---|---|---|
| | | | Elodie Passelaigue | Mariel Booth | | investigation of putative class members' claims) | | anticipation of litigation under the direction of counsel |
| 45 | Email chain | August 4, 2017 | Mariel Booth; Elodie Passelaigue | Elodie Passelaigue; Mariel Booth | | Elodie from Willy (continuing investigation of putative class members' claims) | N/A | Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 46 | Email | August 4, 2017 | Haley Higgins; Tom Canova; Melanie Persinger | Elodie Passelaigue | | Elodie from Willy (continuing investigation of putative class members' claims) | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation under the direction of counsel |
| 47 | Email | August 4, 2017 | Chris Ryan | Elodie Passelaigue | | Elodie from Willy (continuing investigation of putative class members' claims) | N/A | Attorney-Client Privileged Communication; Attorney Work Product prepared in anticipation of litigation under the direction of counsel |

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ELODIE PASSELAIGUE, on behalf of
herself and all others similarly situated,

      Plaintiffs,

          v.

GETTY IMAGES (US), INC., GETTY
IMAGES, INC., BILL DIODATO
PHOTOGRAPHY, LLC, and BILL
DIODATO,

      Defendants.

**Case No. 16-cv-01362-VSB-BCM**

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO

## FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Federal Rule of Civil Procedure 26(a)(1), plaintiff, Elodie Passelaigue, through her undersigned counsel, makes the following initial disclosures to the defendants in the above-referenced lawsuit.

By providing these initial disclosures, plaintiff does not represent that she is identifying every document, tangible thing or witness possibly relevant to this action. In addition, these disclosures are made without plaintiff in any way waiving her right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including proportionality, competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds.

Furthermore, these disclosures are not an admission by plaintiff regarding any matter. Each

and every disclosure set forth below is subject to the above qualifications and limitations.

## 1.   **Individuals Likely To Have Discoverable Information**

Individuals likely to have discoverable factual information that plaintiff may use to

support her claims in this action is identified as follows:

| Individual likely to have discoverable information | Address and Telephone Number | Subject Matter of Discoverable Information |
|---|---|---|
| Elodie Passelaigue | c/o Thomas A. Canova, The Law Office of Jack Fitzgerald, PC, 3636 Fourth Ave., Suite 202, San Diego, CA 92103; Telephone: (619) 692-3840 | Ms. Passelaigue has knowledge that supports allegations and/or averments in the operative complaint, including but not limited to the Clinique Underwater Shoot, the Spiegel Shoot, the signing of the Model Release, industry practices, and damages. |
| Bill Diodato | c/o Nancy E. Wolff and Scott J. Sholder, Cowan, Debaets, Abrahams & Sheppard LLP, 41 Madison Ave., New York, New York 10010; Telephone: (212) 974-7474 | Mr. Diodato has knowledge that supports allegations and/or averments in the operative complaint, including but not limited to the Clinique Underwater Shoot, the Spiegel Shoot, the signing of the Model Release, his practices relating to the signing of class members' model releases, and the sale of plaintiff's and class members' likenesses to Getty. |
| Lauren Benward Krause | Beltane Ranch, 11775 Sonoma Highway, Glen Ellen, CA 95442; (707) 833-4233 | Ms. Benward Krause has knowledge that supports allegations and/or averments in the operative complaint, including but not limited to the Spiegel Shoot and the signing of the Model Release. |

| Max Miller | 83 Leonard St., Apt 2, NY, NY 10013; (917) 509-9433 | Mr. Miller has knowledge that supports allegations and/or averments in the operative complaint, including but not limited to the Spiegel Shoot, the signing of the Model Release, the completion of the Model Release, and Bill Diodato's practices surrounding the signing and completion of class members' model releases. |
| --- | --- | --- |
| Linda Hilfiker | Address currently unknown; (646) 220-8366 | Ms. Hilfiker has knowledge that supports allegations and/or averments in the operative complaint, including but not limited to the Spiegel Shoot, the signing of the Model Release, the completion of the Model Release, and Bill Diodato's practices surrounding the signing and completion of class members' model releases. |
| Getty Images, Inc.'s officers, employees, agents, or representatives who have information relevant to plaintiff's allegations and Defendants' defenses | c/o Nancy E. Wolff and Scott J. Sholder, Cowan, Debaets, Abrahams & Sheppard LLP, 41 Madison Ave., New York, New York 10010; Telephone: (212) 974-7474 | These individuals are likely to have knowledge that supports allegations and/or averments in the operative complaint, including but not limited to |
| Getty Images (US), Inc.'s officers, employees, agents, or representatives who have information relevant to plaintiff's allegations and Defendants' defenses | c/o Nancy E. Wolff and Scott J. Sholder, Cowan, Debaets, Abrahams & Sheppard LLP, 41 Madison Ave., New York, New York 10010; Telephone: (212) 974-7474 | These individuals are likely to have knowledge that supports allegations and/or averments in the operative complaint, including but not limited to |

| Bill Diodato Photography, LLC's officers, employees, agents, or representatives who have information relevant to plaintiff's allegations and Defendants' defenses. | c/o Nancy E. Wolff and Scott J. Sholder, Cowan, Debaets, Abrahams & Sheppard LLP, 41 Madison Ave., New York, New York 10010; Telephone: (212) 974-7474 | These individuals are likely to have knowledge that supports allegations and/or averments in the operative complaint, including but not limited to Bill Diodato's practices relating to obtaining model releases from models he photographs, Bill Diodato's practices as a photographer, industry practice, and damages. |
|---|---|---|
| All witnesses identified by Defendants in their initial disclosures | Address and telephone number currently unknown | The subject matter identified in Defendants' initial disclosures. |
| All witnesses who may become known during the course of discovery | Address and telephone number currently unknown | Currently unknown. |
| Third parties who may have relevant information | Address and telephone number currently unknown | Currently unknown. |
| Any expert witness designated by any party | Address and telephone number currently unknown | The facts and opinions about which the expert is expected to testify. |
| Any witness necessary to lay foundation for a document | Address and telephone number currently unknown | The authenticity of documents. |
| Any witness necessary to establish chain of custody | Address and telephone number currently unknown | Chain of custody of documents or other tangible things. |

## 2. Description of Documents, Electronically Stored Information, and Other Tangible Things

The following identifies documents, data compilations, and other tangible things in the possession, control or custody of plaintiff that plaintiff may use to support her claims:

| Category of Documents/Tangible Things | Location |
|---|---|
| Copies of web pages showing use of plaintiff's (and selected class members') image(s) on Getty's website | Plaintiff's counsel's office |
| Copies of pages from Getty's website regarding ownership of rights to images, and licenses for use of images | Plaintiff's counsel's office |
| Pre-litigation communications between the parties regarding the display of plaintiff's likeness on Getty's website | Plaintiff's counsel's office |
| Documents regarding compensation for plaintiff's modeling services | Plaintiff's residence |
| Copies of the Model Release provided to plaintiff by Getty. | Third party offices, such as model agencies |

In addition, the following documents may be used to support plaintiff's claims:

a. All documents referenced in the Complaint;

b. Printouts of Bill Diodato's professional website and blog;

c. All documents produced by Defendants or any other parties or non-parties pursuant to discovery requests served upon them by plaintiff or any other party or non-party;

d. Any and all documents reviewed by any expert in this action;

e. Any report provided by any expert in this action;

f. Any and all documents relied upon or utilized by Defendants for this action;

g. Any and all rebuttal or impeachment documents as may be deemed necessary; and

h. Any and all documents that may become known during the course of discovery.

## 3.   Computation of Damages

Without waiver of additional categories of damages, Plaintiff has suffered damages in the form and amount of lost wages and fees, loss of prospective business relationships and opportunities, harm to reputation, restitution, unjust enrichment, as well as punitive, exemplary and/or treble damages. Plaintiff is also seeking reasonable attorneys' fees and costs. The amount of each different category of damages is not ascertainable at the present time, but is the subject of ongoing investigation and upcoming discovery.

## 4.   Insurance

The requirement to identify any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in action or to indemnify or reimburse for payments made to satisfy the judgment is not applicable plaintiff.

Dated: May 4, 2016

THOMAS A. CANOVA (TC 7270)
*tom@jackfitzgeraldlaw.com*
JACK FITZGERALD (JF 3831)

*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (*pro hac vice*)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (*pro hac vice*)
*melanie@jackfitzgeraldlaw.com*
**THE LAW OFFICE OF JACK FITZGERALD, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ELODIE PASSELAIGUE, on behalf of
herself and all others similarly situated,

      Plaintiffs,

           v.

GETTY IMAGES (US), INC., GETTY
IMAGES, INC., BILL DIODATO
PHOTOGRAPHY, LLC, and BILL
DIODATO,

      Defendants.

**Case No. 16-cv-01362-VSB-BCM**

## CERTIFICATE OF SERVICE

I hereby certify that, on May 4, 2016, I served a true and correct copy of the

foregoing Plaintiff's Initial Disclosures Pursuant to Federal Rule of Civil Procedure

26(a)(1) on defendants, by regular mail addressed to their counsel as follows:

Nancy E. Wolff
Scott J. Sholder
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 34th Floor
New York, New York 10010

Dated: May 4, 2016

Melanie Persinger

Melanie Persinger

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELODIE PASSELAIGUE, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GETTY IMAGES (US), INC., GETTY IMAGES, INC., BILL DIODATO PHOTOGRAPHY, LLC, and BILL DIODATO,<br><br>　　　　　　　Defendants. | Civil Action No. 16-cv-01362 (VSB)(BCM) |

## DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants Getty Images (US), Inc., Getty Images, Inc., Bill Diodato Photography, LLC, and Bill Diodato (collectively "Defendants") hereby request that plaintiff Elodie Passelaigue ("Plaintiff") produce and make available for inspection the following documents and things at the offices of Cowan, DeBaets, Abrahams & Sheppard LLP, 41 Madison Avenue, 34th Floor, New York, New York 10010, within thirty (30) days of service hereof.

The Requests shall be read and interpreted in accordance with the definitions and instructions set forth below, together with the instructions, definitions, and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of New York.

## **DEFINITIONS**

1.      As used herein, the term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, all written or graphic matter or any other means of preserving thought or expression of every type and description regardless of origin or location, whether written, recorded, transcribed, taped, punched, filmed, microfilmed, or in any other way produced, reproduced or recorded, and including but limited to: originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, communications, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements of employees, requisitions, manuals or guidelines, audit work papers, financial analysis, charts, graphs, indices, audited and unaudited financial statements, photographs, email, electronic or mechanical records, telegrams, telecopies, audiotapes and all other receptacles or repositories housing or containing such documents, and all other media used to record, in any form, information.  A draft or non-identical copy is a separate document within the meaning of this term. "Document" shall also include any removable "Post-It" notes or other attachments affixed to any of the foregoing, as well as the file, folder tabs, and labels appended to or containing any documents.  "Document" expressly includes all Electronic Data stored on any Electronic Media.

1

2.      As used herein, "Person" and "Persons" are defined as any natural person or any business, legal or governmental entity or association.

3.      "Request" or "Requests" refer to the individual or collective requests set forth below.

4.      As used herein, the term "communications" means any contact between two or more persons or entities, including, without limitation, written contact by such means as letters, memoranda, reports, computer transmission, electronic mail and attachments, telegrams, fax messages, and other correspondence, and oral contact by such means as meetings and telephone conversations.

5.      As used herein, the terms "concerning," "regarding," and "relating to" are used in their broadest sense, and mean anything that, directly or indirectly, generally or specifically, regards, relates to, refers to, concerns, contains, constitutes, contradicts, supports, evidences, embodies, comprises, reflects, mentions, identifies, states, deals with, comments on, responds to, describes, analyses, or is in any way, directly or indirectly, relevant to the subject.

6.      The terms "all" and "any" shall be construed as "all and any."

7.      The words "or" and "and" as used herein shall be construed both conjunctively and disjunctively, and each shall include the other whenever such a dual construction will serve to bring within the scope of a category any documents or information which would not otherwise be within its scope.

8.      As used herein, the terms "You" and "Your" refer to Plaintiff individually and any Person, Persons, or entities acting on her behalf, or any of her predecessors in interest, successors in interest, affiliates, employees, independent contractors, representatives, agents, attorneys and accountants.

9.      As used herein, "Complaint" means the class action complaint filed by Plaintiff in the above-captioned action.

10.      As used herein, "2004 Clinique Underwater Test Shoot" means the photo shoot that took place on February 9, 2004, as referenced in the Complaint.

11.      As used herein, "2009 Spiegel Shoot" means the photo shoot that took place on June 11, 2009, as referenced in the Complaint.

12.      Words and terms in the singular shall include the plural thereof, and all words of masculine gender shall include the female gender thereof.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of any demand responses that otherwise might be construed to be outside its scope.

## **INSTRUCTIONS**

1.      The Requests call for the production of all responsive documents, things, or information in Your possession, custody or control or available to You or other persons or entities acting on Your behalf.

2.      If a document or thing that is responsive to a Request was, but is not now, in Your custody or control, provide a statement containing the following information:

      a.      whether the document or thing is still in existence, and if so, the name and business address of each person in whose custody a copy of the document or thing may be found;

      b.      whether the document or thing has been lost or destroyed, and if destroyed, why, when and by whom;

      c.      whether the document or thing has been otherwise disposed of, including by transfer, stating who disposed of it, and the date and manner of disposition; and

      d.      a description of the contents of the document or thing, the names of the author(s) and addressee(s) of the document, and the date the document or thing was created.

3.      To the extent that a portion or part of any document or thing is responsive to a Request, the Request shall be construed to call for production of the entire document or thing. Each document or thing shall be produced in its entirety, including attachments and enclosures sent or kept with the attachments.

4.      If an objection is made to any portion or aspect of a Request on the ground that responsive documents, things, or information have already been produced or provided, an identification of such documents or things by Bates numbers, or information by Request number, shall be provided in lieu of producing the already-produced documents or things or responding to the Request.

5.      If in responding to any Request You claim any objection as to the basis for not responding, respond to all parts of the demand to which Your objection does not apply.  If an objection is made to any portion or aspect of a Request, documents, communications, things, or information responsive to the remainder of the Request shall be produced.  If an objection is made on the basis of a privilege or work product claim, all portions of a document that are not privileged or work product shall be produced.

6.      In the event that any information has been redacted from any document produced pursuant to these Requests, You must identify that information and the basis or bases upon which such information was redacted.

7.      If a claim of privilege is asserted in objecting to any Request, identify the privilege (including work product) that is being claimed and if the privilege is governed by state law, identify the privilege rule being invoked. With regard to all objections or responses which fail or refuse fully to respond to the following requests on the grounds that the documents or things sought are privileged or otherwise protected from discovery, provide a privilege log that

identifies, with respect to each document or tangible thing, the nature of the privilege claimed

and, if applicable, the rule or law governing such privilege claim, and information that is

sufficient to assess the merit of the claimed privilege or protection, including without limitation:

(i) the type of document (e.g., memorandum, e-mail, etc.); (ii) the general subject matter of the

document, including whether the primary purpose of the document was to seek or provide legal

advice or services; (iii) the date of the document; and (iv) such other information as would be

sufficient to identify the document for purposes of a subpoena duces tecum including, where

appropriate, the author of the document and his or her job title, the addressees of the document

and their job titles or capacities, any other recipients shown in the document and, where not

apparent, the relationship of the author, addressees, and recipients to each other.

8.      All documents and things are to be produced in compliance with Federal Rule

34(b) and either as they are kept in the usual course of business or by organizing and labeling

them to correspond with the numbered paragraphs of these Requests.  If any document

responsive to this Request was maintained or kept in a file folder, binder or other storage device

that was labeled (or otherwise bore any information), produce the original copy of such label

(and such information) in a way that Defendants can determine the content of the label (or other

information) on the file folder, binder or other storage device in which each such responsive

document was maintained or kept.

9.      With respect to any document kept in any electronic format, each such document

is to be produced in .tiff and or .pdf format, with applicable load files, and shall be text-

searchable and include all meta-data associated with the electronic file from which the document

derives, in particular the following non-privileged captured objective field data and metadata:

BEGDOC, ENDDOC, BEGATTACH, ENDATTACH, CUSTODIAN, PARENTID, CHILDID,

BATESRNG, PRPERTIES, AUTHOR, FROM, TO, CC, BCC, SUBJECT, EMAILSUBJECT, DATESENT, TIMESENT, DATECREATED, TIMECREATED, DATERCVD, TIMERCVD, FILENAME, FILEPATH, FILESIZE, APPLICATION, FOLDERID, NATIVEFILE, DOCEXTENSION, HASH, and HEADER.

10.     These document Requests are continuing in nature and must be amended and supplemented in accordance with the Federal Rules of Civil Procedure and the Local Rules.  If You become aware of or acquire in Your possession, custody or control additional responsive documents or tangible things, You are requested promptly to produce such additional documents.

11.     Unless otherwise specified, the document Requests herein request materials from January 1, 2004, through and including the date of these Requests.

## DOCUMENT REQUESTS

1.  All documents and communications concerning the 2004 Clinique Underwater Test Shoot.

2.  All documents and communications concerning the 2009 Spiegel Shoot.

3.  All model releases, waivers, or other contracts related to the 2004 Clinique Underwater Test Shoot.

4.  All model releases, waivers, or other contracts related to the 2009 Spiegel Shoot.

5.  Copies of all model releases signed by You from January 1, 2004 to the present.

6.  All communications with Bill Diodato.

7.  All communications with Bill Diodato Photography, LLC.

8.  All communications with Getty Images (US), Inc.

9.  All communications with Getty Images, Inc.

10. All communications with any third parties concerning Defendants.

11. All communications with any third parties concerning this litigation.

12. All communications with Allergan, any of its affiliated companies, any advertising agency, or any other person involved in publishing the advertisements featuring the photographs at issue in this case.

13. All communications with putative class members, including correspondence between You and putative class members and Plaintiff's counsel and putative class members.

14. All documents and communications substantiating Your claims for damages, including without limitation, documentation of Your compensation for photo shoots comparable to those at issue in this case, lost opportunities, fees, commissions, or royalties as a result of the Allergan advertisements, and purported harm to Your reputation.

15. All documents and communications substantiating Your claims of consumer confusion.

16. All documents and communications substantiating Your claim that consumers or the general public have suffered harm as a result of Defendants' purported actions.

17. All documents and communications substantiating Your claim that any of the Defendants misrepresented their legal rights with respect to the photographs at issue.

18. All documents and communications concerning any of Defendants' purportedly infringing "commercial advertising."

19. All documents and communications concerning any of Defendants' "false or misleading descriptions or representations of fact."

20. All documents and communications substantiating Your claim that You are "internationally-renowned" and "well known and/or recognizable among advertisers and other purchasers of professional modeling services."

21. All documents and communications substantiating Your claim that You have "a valuable commercial interest in her likeness."

22. All documents and communications reflecting payments to You for modeling work between 2004 and the present.

23. All documents and communications evidencing Your efforts to mitigate Your alleged damages.

24. All documents You relied upon in drafting the Complaint.

Dated: New York, New York
      May 20, 2016

                    COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP

                    By:  /s/ Scott J. Sholder
                          Nancy E. Wolff
                          Scott J. Sholder
                          41 Madison Avenue, 34th Floor
                          New York, New York 10010
                          Tel.:  (212) 974-7474
                          Fax:  (212) 974-8474
                          ssholder@cdas.com
                          nwolff@cdas.com

                          *Attorney for Defendants Getty Images (US), Inc.,*
                          *Getty Images, Inc., Bill Diodato Photography,*
                          *LLC, and Bill Diodato*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that he caused true and correct copies of the foregoing First Set of Document Demands to be served on counsel for Plaintiff listed below on the 20th day of May 2016, via FedEx, with copy by e-mail:

Thomas A. Canova
Jack Fitzgerald
THE LAW OFFICE OF JACK FITZGERALD, PC
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
tom@jackfitzgeraldlaw.com
jack@jackfitzgeraldlaw.com

Dated: May 20, 2016

<div style="margin-left:3em">

COWAN, DeBAETS, ABRAHAMS
& SHEPPARD LLP


By:    /s/ Scott J. Sholder
       Scott J. Sholder


41 Madison Avenue, 34th Floor
New York, New York 10010
Telephone: (212) 974-7474
Facsimile: (212) 974-8474
SSholder@cdas.com

*Attorneys for Defendants*

</div>

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELODIE PASSELAIGUE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GETTY IMAGES (US), INC., GETTY IMAGES, INC., BILL DIODATO PHOTOGRAPHY, LLC, and BILL DIODATO,<br><br>Defendants. | Civil Action No. 16-cv-01362 (VSB)(BCM)<br><br>**DEFENDANTS BILL DIODATO AND BILL DIODATO PHOTOGRAPHY, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), defendants Bill Diodato and Bill Diodato Photography, LLC (collectively, "Diodato") hereby provide the following responses and objections to plaintiff Elodie Passelaigue's ("Plaintiff") First Set of Requests for Admission (each, a "Request" and, collectively, the "Requests") as follows:

## GENERAL OBJECTIONS

Diodato makes the following General Objections to the Requests. These General Objections apply to each of the Requests, as set forth immediately below. The assertion of the same, similar, or additional objections in response to a specific Request does not waive any of Plaintiff's General Objections:

1.      Diodato objects to the Requests, including the "Definitions" and "Instructions," to the extent that they can be construed to impose burdens or obligations upon Diodato that are inconsistent with, or in excess of, those imposed by the Federal Rules, the Local Rules, and/or other applicable law.

1

2.      Diodato objects to each Request to the extent that it calls for information that is not relevant to the claims or defenses of any party and is not proportional to the needs of this case.  In responding and objecting to these Requests, Diodato does not concede that any of the information sought or provided is relevant to the claims of any party, proportional to the needs of this case, or admissible in evidence.

3.      Diodato objects to each Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome.  To the extent Diodato seeks to respond to a Request that is vague or ambiguous, Diodato will make a good faith effort to interpret such Request.

4.      Diodato objects to each Request to the extent that it is cumulative insofar as it seeks information that Plaintiff also requested in interrogatories and requests for the production of documents.

5.      Diodato objects to each Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

6.      Diodato objects to each Request to the extent that it purports to require Diodato to provide information already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or that are otherwise in the public domain and/or accessible to all parties.

7.      In providing answers to the Requests, Diodato does not in any way waive any objections to these Requests, Definitions, or Instructions that Diodato may later assert, including but not limited to proportionality, relevance, materiality, admissibility, vagueness, and overbreadth.

8.      Diodato objects to Plaintiff's definition of "IMAGES" on the grounds that it is overly broad and unduly burdensome, and disregards the Court's ruling on Plaintiff's motion to compel.  In particular, Diodato objects to Plaintiff's definition of "IMAGES" insofar as such definition includes (i) photographs not depicting recognizable persons; (ii) photographs not categorized as "Rights Managed" license types; (iii) unlimited temporal scope; (iv) photographs that were never actually licensed; and (v) photographs that do not fall within the 444 images the Court agreed were discoverable at this time.  Accordingly, for the purposes of responding to the Interrogatories, Diodato will construe "IMAGES" to mean "photographs taken by Diodato, depicting one or more recognizable persons, and available for license as "Rights Managed" images from GETTY, that were actually licensed at least once, from January 1, 2004 through the date of the Complaint, under DIODATO's pseudonym, Adrianna Williams."

9.      Diodato objects to Plaintiff's definition of "CORBIS" on the grounds that such term is not relevant to any claim or defense in this proceeding.  Although included as a defined term, Plaintiff does not refer to "CORBIS" in any of the Requests herein.

10.     Diodato objects to Plaintiff's definition of "VISUAL CHINA GROUP" on the grounds that such term is not relevant to any claim or defense in this proceeding.  Although included as a defined term, Plaintiff does not refer to "VISUAL CHINA GROUP" in any of the Requests herein.

11.     Diodato objects to instruction No. 8 because it requires Diodato to "state the reasons for your . . . denial."  Such a response is not required by the Federal Rules or Local Rules.

12.     Diodato reserves the right to supplement, amend, or modify his responses and objections to these Requests in accordance with Fed. R. Civ. P. 26(e).

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

Without waiver of, or prejudice to, any of its General Objections, Diodato responds to the specific Requests as follows:

**Request No. 1:**

Admit that the IMAGES depict 40 or more individuals.

**Response to Request No. 1:**

Diodato repeats and incorporates his General Objections as if fully set forth herein.  Diodato further objects to this Request as premature.  Without waiver of the foregoing objections, once Diodato has isolated and analyzed the relevant data set, he will then be able to determine whether the IMAGES depict 40 or more individuals.

**Request No. 2:**

Admit that YOU have forged a signature on a MODEL RELEASE.

**Response to Request No. 2:**

Diodato repeats and incorporates his General Objections as if fully set forth herein.  Without waiver of the foregoing objections, Diodato denies this Request.  Diodato states that he has not forged a signature on a MODEL RELEASE.

**Request No. 3:**

Admit that YOU have directed or requested another person to forge a signature on a MODEL RELEASE.

**Response to Request No. 3:**

Diodato repeats and incorporates his General Objections as if fully set forth herein.  Without waiver of the foregoing objections, Diodato denies this Request.  Diodato states that he has not directed or requested another person to forge a signature on a MODEL RELEASE.

4

**Request No. 16:**

Admit that YOU have asked at least one person to sign a MODEL RELEASE with a blank "Description of Shoot."

**Response to Request No. 16:**

Diodato repeats and incorporates his General Objections as if fully set forth herein. Diodato further objects to this Request on the ground that the Request is vague and ambiguous with respect to the terms "blank," and "Description of Shoot." Without waiver of the foregoing objections, Diodato admits this Request and states that very occasionally the "description of shoot" section will be inadvertently left blank, and that on some occasions when submitting images to stock libraries, the libraries' preference is for the "description of shoot" section to be left blank.

Dated: New York, New York          COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP
          October 28, 2016


                              By:   /s/ Scott J. Sholder_____
                                   Nancy E. Wolff
                                   Scott J. Sholder
                                   41 Madison Avenue, 34th Floor
                                   New York, New York 10010
                                   Tel.:  (212) 974-7474
                                   Fax:  (212) 974-8474
                                   ssholder@cdas.com
                                   nwolff@cdas.com

                                   *Attorneys for Defendants Bill Diodato and Bill
                                   Diodato Photography, LLC*

10

# EXHIBIT F

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Elodie Passelaigue | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:16-cv-01362-VSB |
| Getty Images (US), Inc. et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Lauren Benward Krause

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Regus <br> 3558 Round Barn Blvd, Suite 200 <br> Santa Rosa, California, 95403 | Date and Time: <br><br> 10/01/2018 9:00 am |
|---|---|---|

The deposition will be recorded by this method:    Stenographic & videotape

❐ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/13/2018

_CLERK OF COURT_

OR

_____          /s/ Jack Fitzgerald
_Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Elodie Passelaigue
_____ , who issues or requests this subpoena, are:

Jack Fitzgerald; 3636 Fourth Ave. Ste 202, San Diego, CA, 92103; jack@jackfitzgeraldlaw.com; (619) 692-3840

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:16-cv-01362-VSB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Elodie Passelaigue | ) |
| *Plaintiff* | ) |
| v. | ) |
| Getty Images (US), Inc. et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:16-cv-01362-VSB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        Max Miller

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 747 Third Avenue – 10th Floor New York, NY 10017 | Date and Time: 09/24/2018 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic & videotape

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/13/2018

         *CLERK OF COURT*

                                        OR

_____                /s/ Jack Fitzgerald
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Elodie Passelaigue
_____, who issues or requests this subpoena, are:

Jack Fitzgerald; 3636 Fourth Ave. Ste 202, San Diego, CA, 92103; jack@jackfitzgeraldlaw.com; (619) 692-3840

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:16-cv-01362-VSB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT G

| | |
|---|---|
| **From:** | jack@jackfitzgeraldlaw.com |
| **Sent:** | Thursday, September 20, 2018 3:32 PM |
| **To:** | Scott Sholder; Marissa Lewis; melanie@jackfitzgeraldlaw.com |
| **Cc:** | trevor@jackfitzgeraldlaw.com; Nancy Wolff |
| **Subject:** | RE: Passelaigue v. Getty Images (US), Inc., et al. |
| **Attachments:** | Subpoena to Testify at Deposition_Lauren Benward Krause (9-13-2018).pdf |

Scott –

Sorry, I was out of the office yesterday.

We served a deposition subpoena on Ms. Hilfiker—and prepared deposition subpoenas for Mr. Miller and Ms. Benward—in part based on your Rule 11 papers. To the extent you mean to suggest below that our doing so was in any way improper, that is wrong. Rule 45 does not require notice of deposition subpoenas (only subpoenas calling for documents), and serving a subpoena is not "direct contact" with your client—is it service of process. I checked, and Ms. Benward was served yesterday, with notice for her deposition on October 1. A copy is attached. If you are authorized and would prefer to accept the subpoena directed to Mr. Miller, we will pull back the personal service, which has not yet been effected, and serve him through you.

Your email below suggests your client may no longer intend to file its Rule 11 motion on October 8, and to mediate on October 25 first, as we discussed last week. If that is the case, we can obviously proceed with the depositions we need to take in more deliberate fashion. For now, we will take Ms. Hilfiker's deposition off calendar for September 25, but please do provide us dates in September or October that she is available.

Thanks,
Jack

_____

Jack Fitzgerald

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f)  619-362-9555
(c) 650-440-3170

www.jackfitzgeraldlaw.com

**From:** Scott Sholder [mailto:ssholder@cdas.com]
**Sent:** Wednesday, September 19, 2018 7:51 AM
**To:** Marissa Lewis <mlewis@cdas.com>; jack@jackfitzgeraldlaw.com; melanie@jackfitzgeraldlaw.com

**Cc:** trevor@jackfitzgeraldlaw.com; Nancy Wolff <NWolff@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images (US), Inc., et al.

Jack,

We were just informed that you served a deposition subpoena on Linda Hilfiker dated September 13 seeking to depose her on September 25, which she just received today. As you know, we represent Linda in her capacity as a witness in this case and have for quite some time. We were not given notice of the subpoena nor were we sent a copy, and when we spoke by phone on September 14, you never mentioned your intention to serve the subpoena or to depose Linda. Please refrain from direct contact with our clients (which also include Max Miller and Lauren Benward) and keep us apprised of your intentions and attempts to take depositions. We will speak with Linda concerning this matter, but in any event, for the reasons stated above, and because she was only given 6 days' notice, no deposition will take place next Tuesday.

Further to Marissa's e-mail below, I am attempting to confirm whether Bill will be available prior to your proposed mediation date of 10/25; I am speaking with him tomorrow and should have more information then. The Getty Images 30(b)(6) witness will not be available prior to 10/25.

I am out of the office today for Yom Kippur but will be back tomorrow should you need to discuss any of these issues further.

Regards,
Scott

> Scott Sholder
> Cowan, DeBaets, Abrahams & Sheppard LLP
> *tel: 212-974-7474*
> ssholder@cdas.com

---

**From:** Marissa Lewis
**Sent:** Tuesday, September 18, 2018 7:07 PM
**To:** jack@jackfitzgeraldlaw.com; melanie@jackfitzgeraldlaw.com
**Cc:** trevor@jackfitzgeraldlaw.com; Nancy Wolff <NWolff@cdas.com>; Scott Sholder <SSholder@cdas.com>
**Subject:** Passelaigue v. Getty Images (US), Inc., et al.

Dear Jack and Melanie,

Please find attached the following documents:
- A letter regarding Plaintiff's privilege log and various other discovery deficiencies;
- Defendants' Second Set of Interrogatories to Plaintiff;
- Notice of Issuance of Subpoena to Spiegel Brands, Inc.; and
- Notice of Issuance of Subpoena to Newport News, Inc.

We are still working on scheduling deposition and mediation dates and will get back to you as soon as possible.

Regards,
Marissa



Marissa Lewis
Associate
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th fl., New York, NY 10010

*tel: 212-974-7474  / fax: 212-974-8474*
mlewis@cdas.com / www.cdas.com

*** This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the Recipient(s) indicated and may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended Recipient you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail. *** [v4141]

# EXHIBIT H

| | |
|---|---|
| **From:** | Scott Sholder |
| **Sent:** | Thursday, September 06, 2018 6:29 PM |
| **To:** | Jack Fitzgerald (jack@jackfitzgeraldlaw.com); melanie@jackfitzgeraldlaw.com; 'Trevor Flynn' |
| **Cc:** | Nancy Wolff; Marissa Lewis |
| **Subject:** | Passelaigue v. Getty Images, et al. - FRCP 11 |
| **Attachments:** | 2018-09-06 Declaration of Nancy E. Wolff.pdf; 2018-09-06 Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.pdf; 2018-09-06 Notice of Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.pdf |
| | |
| **Importance:** | High |

Counsel:

Please see the attached motion papers which are being served upon you pursuant to Federal Rule 11(c)(2).  A hard copy set is being served by mail in accordance with Federal Rule 5.

While we are confident in the merits and the outcome of this motion, we reiterate that Getty Images is still willing to engage in a pragmatic resolution of this case in light of the transaction costs involved with further motion practice.  For that reason alone, Getty Images is still willing to mediate, but such mediation must be scheduled and concluded within the next 30 days, and as noted before, lead attorneys and clients must be present in person.  We sent you a mediator and schedule recommendation on August 28, 2018, but received no response to our e-mail.

If your client is unwilling to cooperation in this regard, we will simply proceed with this motion and the remainder of the case, and will suspend all settlement negotiations indefinitely.

Getty Images (US), Inc., Bill Diodato Photography, LLC, and Bill Diodato reserve all rights, remedies, claims and defenses.

Very truly yours,



Scott Sholder
Partner
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th fl., New York, NY 10010
*tel: 212-974-7474  / fax: 212-974-8474*
ssholder@cdas.com / www.cdas.com

*** *This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the Recipient(s) indicated and may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended Recipient you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail.* *** [v4141]*

# EXHIBIT I

**Marissa Lewis**

| | |
|---|---|
| **From:** | Scott Sholder |
| **Sent:** | Thursday, September 20, 2018 5:04 PM |
| **To:** | jack@jackfitzgeraldlaw.com; Marissa Lewis; melanie@jackfitzgeraldlaw.com |
| **Cc:** | trevor@jackfitzgeraldlaw.com; Nancy Wolff |
| **Subject:** | RE: Passelaigue v. Getty Images (US), Inc., et al. |

Jack,

I disagree that it was proper for you to serve a party you knew was represented by counsel.  Regardless of what the FRCP says, you knew she was our client, so to serve her with a subpoena, especially with a week's notice and not notify us is, at the very least, discourteous  particularly in light of our last conversation, in which you never mentioned third-party depositions.  To avoid another of these situations, I will accept service of Mr. Miller's subpoena.

I will determine alternative dates for Ms. Hilfiker.  I have no idea about Ms. Benward's availability, and, again, you did not provide enough notice, particularly given that we would have to fly to California to defend her.  Regardless, I am not available to travel that week.  To my knowledge Mr. Miller is traveling much of the next month, so I will have to find out when he is available.  I spoke with Bill Diodato today and he is available to be deposed on October 24, and both he and Getty Images will agree to a mediation on October 25 assuming we can secure a mediator for that date.  I haven't yet had a chance to review the credentials of your proposed mediator.  I will do that today and perhaps we can connect to discuss tomorrow.

We will hold off until after October 25 to file the Rule 11 motion assuming all other litigation activity other than Bill's deposition is suspended until after mediation.  If you insist on taking 4 depositions prior to October 25 (and I can't guarantee witness availability), there will be no money left for Getty Images to pay any settlement if it comes to that.  The only way it makes sense for Getty Images to pay your client anything to settle a case we think has no merit is to stop the bleeding of legal fees until we can see whether there is a settlement to be had.  If you'd rather pursue depositions, we can forego mediation entirely.  At this point, it's up to you; let me know how you'd like to proceed.

-Scott

**From:** jack@jackfitzgeraldlaw.com <jack@jackfitzgeraldlaw.com>
**Sent:** Thursday, September 20, 2018 3:32 PM
**To:** Scott Sholder <ssholder@cdas.com>; Marissa Lewis <mlewis@cdas.com>; melanie@jackfitzgeraldlaw.com
**Cc:** trevor@jackfitzgeraldlaw.com; Nancy Wolff <NWolff@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images (US), Inc., et al.

Scott –

Sorry, I was out of the office yesterday.

We served a deposition subpoena on Ms. Hilfiker—and prepared deposition subpoenas for Mr. Miller and Ms. Benward—in part based on your Rule 11 papers. To the extent you mean to suggest below that our doing so was in any way improper, that is wrong. Rule 45 does not require notice of deposition subpoenas (only subpoenas calling for documents), and serving a subpoena is not "direct contact" with your client—is it service of process.  I checked, and Ms. Benward was served yesterday, with notice for her deposition on October 1. A copy is attached. If you are authorized and would prefer to accept the subpoena directed to Mr. Miller, we will pull back the personal service, which has not yet been effected, and serve him through you.

Your email below suggests your client may no longer intend to file its Rule 11 motion on October 8, and to mediate on October 25 first, as we discussed last week. If that is the case, we can obviously proceed with the depositions we need to take in more deliberate fashion. For now, we will take Ms. Hilfiker's deposition off calendar for September 25, but please do provide us dates in September or October that she is available.

Thanks,
Jack

_____

Jack Fitzgerald

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f)  619-362-9555
(c) 650-440-3170

www.jackfitzgeraldlaw.com

**From:** Scott Sholder [mailto:ssholder@cdas.com]
**Sent:** Wednesday, September 19, 2018 7:51 AM
**To:** Marissa Lewis <mlewis@cdas.com>; jack@jackfitzgeraldlaw.com; melanie@jackfitzgeraldlaw.com
**Cc:** trevor@jackfitzgeraldlaw.com; Nancy Wolff <NWolff@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images (US), Inc., et al.

Jack,

We were just informed that you served a deposition subpoena on Linda Hilfiker dated September 13 seeking to depose her on September 25, which she just received today.  As you know, we represent Linda in her capacity as a witness in this case and have for quite some time.  We were not given notice of the subpoena nor were we sent a copy, and when we spoke by phone on September 14, you never mentioned your intention to serve the subpoena or to depose Linda.  Please refrain from direct contact with our clients (which also include Max Miller and Lauren Benward) and keep us apprised of your intentions and attempts to take depositions.  We will speak with Linda concerning this matter, but in any event, for the reasons stated above, and because she was only given 6 days' notice, no deposition will take place next Tuesday.

Further to Marissa's e-mail below, I am attempting to confirm whether Bill will be available prior to your proposed mediation date of 10/25; I am speaking with him tomorrow and should have more information then.  The Getty Images 30(b)(6) witness will not be available prior to 10/25.

I am out of the office today for Yom Kippur but will be back tomorrow should you need to discuss any of these issues further.

Regards,
Scott

Scott Sholder
Cowan, DeBaets, Abrahams & Sheppard LLP
*tel: 212-974-7474*
ssholder@cdas.com

---

**From:** Marissa Lewis
**Sent:** Tuesday, September 18, 2018 7:07 PM
**To:** jack@jackfitzgeraldlaw.com; melanie@jackfitzgeraldlaw.com
**Cc:** trevor@jackfitzgeraldlaw.com; Nancy Wolff <NWolff@cdas.com>; Scott Sholder <SSholder@cdas.com>
**Subject:** Passelaigue v. Getty Images (US), Inc., et al.

Dear Jack and Melanie,

Please find attached the following documents:

- A letter regarding Plaintiff's privilege log and various other discovery deficiencies;
- Defendants' Second Set of Interrogatories to Plaintiff;
- Notice of Issuance of Subpoena to Spiegel Brands, Inc.; and
- Notice of Issuance of Subpoena to Newport News, Inc.

We are still working on scheduling deposition and mediation dates and will get back to you as soon as possible.

Regards,
Marissa



Marissa Lewis
Associate
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th fl., New York, NY 10010
*tel: 212-974-7474  / fax: 212-974-8474*
mlewis@cdas.com / www.cdas.com

*** *This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the Recipient(s) indicated and may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended Recipient you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail.* *** [v4141]*

# EXHIBIT J

| From: | jack@jackfitzgeraldlaw.com |
|---|---|
| Sent: | Friday, October 19, 2018 4:52 PM |
| To: | Scott Sholder; melanie@jackfitzgeraldlaw.com |
| Cc: | Nancy Wolff; Marissa Lewis; val@jackfitzgeraldlaw.com; trevor@jackfitzgeraldlaw.com |
| Subject: | RE: Passelaigue - Motion to Amend Complaint / Rule 11 |

Scott,

Thanks for your email. Sorry for the miscommunication, but given the context of the email you attached, we had not read "litigation activities" as including our filing a letter motion seeking permission to file a motion to amend. We have been getting anxious about the time passing, and filed it specifically so that it would only be resolved, if necessary, after the mediation.

We did not mean to breach your trust or otherwise rock the boat, and do not want to interfere with the possibility of resolving this next week, so we are preparing and will shortly file a notice of withdrawal of the motion, and will not refile it until after the mediation if necessary.

Agreed on Mr. Diodato's deposition at your offices on Wednesday. We'll re-serve the deposition notice.

Regards,
Jack


_____


Jack Fitzgerald

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f)  619-362-9555
(c) 650-440-3170


www.jackfitzgeraldlaw.com

---

**From:** Scott Sholder [mailto:ssholder@cdas.com]
**Sent:** Friday, October 19, 2018 1:31 PM
**To:** Jack Fitzgerald (jack@jackfitzgeraldlaw.com) <jack@jackfitzgeraldlaw.com>; melanie@jackfitzgeraldlaw.com
**Cc:** Nancy Wolff <NWolff@cdas.com>; Marissa Lewis <mlewis@cdas.com>; val@jackfitzgeraldlaw.com; trevor@jackfitzgeraldlaw.com
**Subject:** Passelaigue - Motion to Amend Complaint / Rule 11
**Importance:** High

Jack and Melanie,

We very clearly agreed to suspend litigation activities until after Bill's deposition and the mediation, yet you filed a letter motion to amend the complaint last night.  Indeed, I was also very clear when I said that we would agree to not file our sanctions motion until after the mediation on the condition that all other litigation activity was suspended.  See attached.  You indicated that you understood the desire to minimize litigation until after 10/25.  See attached.  We were made to believe that the parties would focus on mediation and revisit all other issues later.  You unilaterally decided otherwise.

I now have no choice but to file my Rule 11 motion, as instructed by my clients.  You took advantage of our trust and good will and willingness to try to resolve this matter and failed to keep your end of the bargain.  Nothing was preventing you from clicking submit immediately after the mediation (in less than a week) if no settlement was reached rather than forcing us to incur even more time and expense responding to your motion while a major party deposition and full-day mediation are on the immediate horizon (and with pre-mediation statements due the same day you filed your motion).  Unfortunately this conduct only serves to reinforce our belief that sanctions are warranted here.

Further, please note that as far as we are concerned, the outcome of your motion to amend will not impact your entitlements concerning Bill Diodato's deposition.  We'd ask that you stipulate that you will not seek to depose him again based on what transpires with respect to your motion to amend.  If you are not willing to do that, you may want to reconsider the timing of his deposition.  Assuming we are proceeding on Wednesday, we are amenable to having the deposition at our offices.

Finally, you filed a letter motion pursuant to an outdated set of Judge Broderick's rules; no pre-motion letter was required under his updated practices currently on his page on the court's website.  It is now not clear how long we have to respond to the motion so I would suggest mutually agreeing on 21 days and notifying the court by joint letter.  Please advise if you are in agreement.

-Scott



Scott Sholder
Partner
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th fl., New York, NY 10010
*tel: 212-974-7474  / fax: 212-974-8474*
ssholder@cdas.com / www.cdas.com

*** *This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the Recipient(s) indicated and may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended Recipient you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail. *** [v4141]*

# EXHIBIT K

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ELODIE PASSELAIGUE, on behalf of
herself and all others similarly situated,

      Plaintiffs,

          v.

GETTY IMAGES (US), INC., GETTY
IMAGES, INC., BILL DIODATO
PHOTOGRAPHY, LLC, and BILL
DIODATO,

      Defendants.

---

Case No. 16-cv-01362-VSB-BCM

**PLAINTIFF'S NOTICE OF
DEPOSITION OF GETTY IMAGES (US),
INC.**

**[Fed. R. Civ. P. 30(b)(6)]**

---

**TO GETTY IMAGES (US), INC. AND ITS ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 30(b)(6), on November 7, 2018, at 9:30 a.m. and continuing day-to-day until completed, at Regus, located at 506 Second Avenue, Suite 1400 in Seattle, Washington, 98104, plaintiff Elodie Passelaigue, by her undersigned counsel, will take before a notary public or officer duly authorized to administer oaths, the deposition of defendant Getty Images (US), Inc. ("Getty," "You," or "Your"), by the person(s) most knowledgeable concerning the topics listed below.

Definitions

      1.    Pursuant to the Local Civil Rules for the Southern and Eastern Districts of New York, this Notice incorporates by reference the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3(c), regardless of whether or not those defined terms appear below in capital letters.

2.     In addition, the following definitions shall apply:

a.     "YOU," "YOUR," and "GETTY" shall mean defendant Getty Images (US), Inc. and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

b.     "PLAINTIFF" means plaintiff Elodie Passelaigue and, where applicable, any employers, employees, attorneys, agents, other representatives and all other PERSONS acting under her control or on her behalf.

c.     "DIODATO" means defendants Bill Diodato and Bill Diodato Photography LLC, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

d.     "CORBIS" means Corbis Corporation and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors,

employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

e.     "IMAGES" means the photographs taken by DIODATO, depicting one or more persons, and available for license from GETTY at any time.

f.     "MODEL RELEASES" means any document purporting to convey to a photographer any rights concerning an image, including without limitation ownership or usage rights, e.g. but not limited to the type of document constituting the Model Release attached to the Complaint as Exhibit 3 (Dkt. No. 1, at 63).

g.     "VISUAL CHINA GROUP" means Visual China Group and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

**<u>Deposition Topics</u>**

<u>Deposition Topic No. 1</u>

YOUR corporate structure and affiliate relationships, including your merger with CORBIS.

<u>Deposition Topic No. 2</u>

The creation, design, operation and ownership of YOUR website,

www.gettyimages.com, and of the CORBIS website, www.corbis.com, including the individuals or entities responsible therefor from January 1, 2004 to the present.

Deposition Topic No. 3

The licensing agreements on YOUR website and/or the CORBIS website from January 1, 2004 to the present, including the individuals or entities responsible therefor.

Deposition Topic No. 4

MODEL RELEASES for the IMAGES from 2004 to the present, including without limitation YOUR role in drafting, creating, modifying, and maintaining them.

Deposition Topic No. 5

YOUR policies and procedures CONCERNING MODEL RELEASES, including YOUR acceptance and vetting of MODEL RELEASES, if any.

Deposition Topic No. 6

Communications between YOU and any other person, including plaintiff, DIODATO, CORBIS, models, modeling agencies, models' agents, advertising agencies, advertisers, and clients, relating to the IMAGES, including communications relating to MODEL RELEASES for the IMAGES.

Deposition Topic No. 7

YOUR offer to license and YOUR licensing of the IMAGES, including the monetary amount paid to YOU, and by whom, for every license of the IMAGES, and how each IMAGE was used by the licensee.

Deposition Topic No. 8

Monies and other consideration paid by YOU to DIODATO concerning the IMAGES.

Deposition Topic No. 9

IMAGES provided to YOU by or on behalf of CORBIS and/or VISUAL CHINA GROUP, including any related releases, contracts, agreements, and payments.

Deposition Topic No. 10

YOUR document and ESI retention policies, practices, and procedures, including any changes thereto, since January 1, 2004.

Deposition Topic No. 11

YOUR responses to discovery requests served in this action, including documents produced in this action.

Deposition Topic No. 12

The Contributor Agreement(s) and any other agreements between YOU and DIODATO, including but not limited to agreements regarding the present action.

Deposition Topic No. 13

Complaints, comments, concerns, and inquiries as to whether YOU and/or any photographer have the right to display, use, license, or sell any of the IMAGES, including YOUR policies, procedures, and practices concerning same, and the treatment or handling any such complaints, comments, concerns, and inquiries.

Deposition Topic No. 14

Contracts and agreements between YOU and VISUAL CHINA GROUP concerning the IMAGES.

Deposition Topic No. 15

All comments or inquiries regarding the source, sponsorship, or affiliation of any of the persons depicted in any of the IMAGES.


Dated: October 29, 2018      /s/ Jack Fitzgerald
                             JACK FITZGERALD (JF 3831)
                             MELANIE PERSINGER (*pro hac vice*)
                             TREVOR M. FLYNN (*pro hac vice*)
                             **THE LAW OFFICE OF JACK FITZGERALD, PC**
                             Hillcrest Professional Building
                             3636 Fourth Avenue, Suite 202
                             San Diego, California 92103
                             Phone: (619) 692-3840
                             Fax: (619) 362-9555

                             ***Attorneys for Plaintiff and the Proposed Class***

# EXHIBIT L

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Elodie Passelaigue | ) |
| *Plaintiff* | ) |
| v. | ) |
| Getty Images (US), Inc. et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No. 16-cv-01362-VSB-BCM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Linda Hilfiker

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: Cowan, DeBaets, Abrahams & Sheppard LLP 41 Madison Avenue, 38th fl., New York, NY 10010 (or electronically to Plaintiff's counsel) | Date and Time: 11/08/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/29/2018

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | /s/ Jack Fitzgerald |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Elodie Passelaigue
_____ , who issues or requests this subpoena, are:

Jack Fitzgerald; The Law Office of Jack Fitzgerald, PC, 3636 Fourth Ave., Ste. 202, San Diego, CA 92103; jack@jackfitzgeraldlaw.com; (619) 692-3840

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  16-cv-01362-VSB-BCM

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ELODIE PASSELAIGUE, on behalf of
herself and all others similarly situated,

      Plaintiff,

             v.

GETTY IMAGES (US), INC., GETTY
IMAGES, INC., BILL DIODATO
PHOTOGRAPHY, LLC, and BILL
DIODATO,

      Defendants.

Case No. 16-cv-01362-VSB-BCM

**ATTACHMENT 1 TO SUPBOENA TO
LINDA HILFIKER**

## Attachment 1 - Definitions

1.    Pursuant to the Local Civil Rules for the Southern and Eastern Districts of New York, this Attachment incorporates by reference the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3(c), regardless of whether or not those defined terms appear below in capital letters.

2.  In addition, the following definitions shall apply:

    a.   "YOU," "YOUR," and "LINDA HILFIKER" shall mean the entity responding to this document subpoena, *i.e.*, Linda Hilfiker, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, present and former directors, employers, employees, attorneys, agents, other representatives, and all other PERSONS acting under their control or on their behalf.

b.     "PLAINTIFF" means plaintiff Elodie Passelaigue and, where applicable, any employers, employees, attorneys, agents, other representatives and all other PERSONS acting under her control or on her behalf.

c.     "BILL DIODATO" means defendant Bill Diodato, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under his control or on his behalf.

d.     "BILL DIODATO PHOTOGRAPHY, LLC" means defendant Bill Diodato Photography, LLC, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

e.     "GETTY" means defendant Getty Images (US), Inc., and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

f.      "CORBIS" means Corbis Corporation and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

g.      "MODEL RELEASES" means any document purporting to convey to a photographer any rights concerning an image, including without limitation ownership or usage rights, e.g. but not limited to the type of document constituting the Model Release attached to the Complaint as Exhibit 3 (Dkt. No. 1, at 63).

h.      CLINIQUE UNDERWATER TEST SHOOT means the photography shoot described in paragraphs 20-33 of the Complaint and resulting in the images offered for license by GETTY under "Creative #" 103435148, 103435150, 103435151, and 103435152.

i.      SPIEGEL BEAUTY SHOOT means the photography shoot described in paragraphs 34-38 of the Complaint and resulting in the images offered for license by GETTY under "Creative #" 103434250, 103434252, and 103434254.

j.      AVON SHOOT means the photography shoot which resulted in the image offered for license by GETTY under "Creative #" 103434251.

### Attachment 1 – Instructions

1.     These Document Requests are continuing, and YOU are required to supplement YOUR responses seasonably.

2.     If YOU object to any Request, state with specificity all grounds for YOUR objection; any ground not stated in an objection shall be deemed waived.

3.     If YOU assert a claim of privilege in objecting to any Request, and do not provide a response or withhold information in full or in part on the basis of such assertion:

      a.     In the objection to the Request, identify the privilege being claimed or asserted;

      b.     Provide the following information in the objection, unless divulging such information would cause disclosure of the allegedly privileged information: (A) the type of DOCUMENT; (B) the general subject matter of the DOCUMENT; (C) the date of the DOCUMENT; and (D) other information sufficient to identify the DOCUMENT including the author(s), addressee(s), copyholder(s) (including "blind" copyholders), and, where not apparent, the relationship of the author(s) to the addressee(s) and copyholder(s).

4.     The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed outside its scope.

5.     The words "and" and "or" shall be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed outside its scope.

6.     All defined terms noted above shall be considered defined, regardless of whether they are presented in all capital letters, initial capital letters, or without any capital letters.

7.     In responding to these Document Requests, YOU are required to furnish all DOCUMENTS available to YOU, including DOCUMENTS in the possession, custody, or control of YOUR attorneys, officers, agents, employees, accountants, consultants, representatives, or any PERSONS directly or indirectly employed by YOU or otherwise connected with YOU or YOUR attorneys or anyone else subject to YOUR control. All DOCUMENTS that are responsive, in whole or in part, to any portion of these Document Requests shall be produced in their entirety, including all attachments.

8.     ALL DOCUMENTS should be produced as they are kept in the ordinary course of business or should be organized and labeled to correspond to the specific requests to which they are responsive. All DOCUMENTS should be produced in any file folder or carton in which they have been maintained, and should be stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found.

9.     In the event that any DOCUMENT responsive to any Request has been destroyed or discarded, identify that DOCUMENT by stating the title (if known) and nature of the DOCUMENT, and furnish a list signed by the attorney of record giving the

following information with respect to each DOCUMENT: (a) any addressor or addressee; (b) any indicated or blind copies; (c) the DOCUMENT'S date, subject matter, number of pages, and attachments or appendices; (d) all PERSONS to whom the DOCUMENT was distributed, shown, or explained; (e) its date of destruction or discard and the manner of destruction or discard; and (f) the PERSONS authorizing and the PERSONS carrying out such destruction or discard.

## Attachment 1 – Requests for Documents and Objects

Request No. 1

Any email COMMUNICATIONS from your personal email CONCERNING PLAINTIFF, BILL DIODATO, BILL DIODATO PHOTOGRAPHY, LLC, GETTY, MODEL RELEASES, CORBIS, the CLINIQUE UNDERWATER TEST SHOOT, the SPEIGEL BEAUTY SHOOT, or the AVON SHOOT.

Request No. 2

To the extent not produced in response to the above request, any responsive DOCUMENTS in YOUR possession CONCERNING PLAINTIFF, BILL DIODATO, BILL DIODATO PHOTOGRAPHY, LLC, GETTY, MODEL RELEASES, CORBIS, the CLINIQUE UNDERWATER TEST SHOOT, the SPEIGEL BEAUTY SHOOT, or the AVON SHOOT.

Dated: October 29, 2018          /s/ Jack Fitzgerald
                                 JACK FITZGERALD (JF 3831)

*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (*pro hac vice*)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (*pro hac vice*)
*melanie@jackfitzgeraldlaw.com*
**THE LAW OFFICE OF JACK FITZGERALD, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

***Attorneys for Plaintiff and the Proposed Class***

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| Elodie Passelaigue | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    16-cv-01362-VSB-BCM |
| Getty Images (US), Inc. et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:             Lauren Benward Krause

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: 11775 Sonoma Highway <br> Glen Ellen, CA 95442 <br> (or electronically to Plaintiff's counsel) | Date and Time: <br><br> 11/08/2018 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/29/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jack Fitzgerald |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Elodie Passelaigue
_____ , who issues or requests this subpoena, are:

Jack Fitzgerald; The Law Office of Jack Fitzgerald, PC, 3636 Fourth Ave., Ste. 202, San Diego, CA 92103; jack@jackfitzgeraldlaw.com; (619) 692-3840

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   16-cv-01362-VSB-BCM

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELODIE PASSELAIGUE, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>          v.<br><br>GETTY IMAGES (US), INC., GETTY IMAGES, INC., BILL DIODATO PHOTOGRAPHY, LLC, and BILL DIODATO,<br><br>      Defendants. | Case No. 16-cv-01362-VSB-BCM<br><br>**ATTACHMENT 1 TO SUPBOENA TO LAUREN BENWARD KRAUSE** |

## Attachment 1 - Definitions

1.     Pursuant to the Local Civil Rules for the Southern and Eastern Districts of New York, this Attachment incorporates by reference the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3(c), regardless of whether or not those defined terms appear below in capital letters.

2.  In addition, the following definitions shall apply:

    a.    "YOU," "YOUR," and "LAUREN BENWARD KRAUSE" shall mean the entity responding to this document subpoena, *i.e.*, Lauren Benward Krause, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, present and former directors, employers, employees,

attorneys, agents, other representatives, and all other PERSONS acting under their control or on their behalf.

      b.     "PLAINTIFF" means plaintiff Elodie Passelaigue and, where applicable, any employers, employees, attorneys, agents, other representatives and all other PERSONS acting under her control or on her behalf.

      c.     "BILL DIODATO" means defendant Bill Diodato, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under his control or on his behalf.

      d.     "BILL DIODATO PHOTOGRAPHY, LLC" means defendant Bill Diodato Photography, LLC, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

      e.     "GETTY" means defendant Getty Images (US), Inc., and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former

directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

f.    "CORBIS" means Corbis Corporation and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

g.    "MODEL RELEASES" means any document purporting to convey to a photographer any rights concerning an image, including without limitation ownership or usage rights, e.g. but not limited to the type of document constituting the Model Release attached to the Complaint as Exhibit 3 (Dkt. No. 1, at 63).

h.    CLINIQUE UNDERWATER TEST SHOOT means the photography shoot described in paragraphs 20-33 of the Complaint and resulting in the images offered for license by GETTY under "Creative #" 103435148, 103435150, 103435151, and 103435152.

i.    SPIEGEL BEAUTY SHOOT means the photography shoot described in paragraphs 34-38 of the Complaint and resulting in the images offered for license by GETTY under "Creative #" 103434250, 103434252, and 103434254.

j.      AVON SHOOT means the photography shoot which resulted in the image offered for license by GETTY under "Creative #" 103434251.

## Attachment 1 – Instructions

1.      These Document Requests are continuing, and YOU are required to supplement YOUR responses seasonably.

2.      If YOU object to any Request, state with specificity all grounds for YOUR objection; any ground not stated in an objection shall be deemed waived.

3.      If YOU assert a claim of privilege in objecting to any Request, and do not provide a response or withhold information in full or in part on the basis of such assertion:

a.      In the objection to the Request, identify the privilege being claimed or asserted;

b.      Provide the following information in the objection, unless divulging such information would cause disclosure of the allegedly privileged information: (A) the type of DOCUMENT; (B) the general subject matter of the DOCUMENT; (C) the date of the DOCUMENT; and (D) other information sufficient to identify the DOCUMENT including the author(s), addressee(s), copyholder(s) (including "blind" copyholders), and, where not apparent, the relationship of the author(s) to the addressee(s) and copyholder(s).

4.      The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed outside its scope.

5.      The words "and" and "or" shall be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed outside its scope.

6.      All defined terms noted above shall be considered defined, regardless of whether they are presented in all capital letters, initial capital letters, or without any capital letters.

7.      In responding to these Document Requests, YOU are required to furnish all DOCUMENTS available to YOU, including DOCUMENTS in the possession, custody, or control of YOUR attorneys, officers, agents, employees, accountants, consultants, representatives, or any PERSONS directly or indirectly employed by YOU or otherwise connected with YOU or YOUR attorneys or anyone else subject to YOUR control. All DOCUMENTS that are responsive, in whole or in part, to any portion of these Document Requests shall be produced in their entirety, including all attachments.

8.      ALL DOCUMENTS should be produced as they are kept in the ordinary course of business or should be organized and labeled to correspond to the specific requests to which they are responsive. All DOCUMENTS should be produced in any file folder or carton in which they have been maintained, and should be stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found.

9.     In the event that any DOCUMENT responsive to any Request has been destroyed or discarded, identify that DOCUMENT by stating the title (if known) and nature of the DOCUMENT, and furnish a list signed by the attorney of record giving the following information with respect to each DOCUMENT: (a) any addressor or addressee; (b) any indicated or blind copies; (c) the DOCUMENT'S date, subject matter, number of pages, and attachments or appendices; (d) all PERSONS to whom the DOCUMENT was distributed, shown, or explained; (e) its date of destruction or discard and the manner of destruction or discard; and (f) the PERSONS authorizing and the PERSONS carrying out such destruction or discard.

## Attachment 1 – Requests for Documents and Objects

Request No. 1

Any email COMMUNICATIONS from your personal email CONCERNING PLAINTIFF, BILL DIODATO, BILL DIODATO PHOTOGRAPHY, LLC, GETTY, MODEL RELEASES, CORBIS, the CLINIQUE UNDERWATER TEST SHOOT, the SPEIGEL BEAUTY SHOOT, or the AVON SHOOT.

Request No. 2

To the extent not produced in response to the above request, any responsive DOCUMENTS in YOUR possession CONCERNING PLAINTIFF, BILL DIODATO, BILL DIODATO PHOTOGRAPHY, LLC, GETTY, MODEL RELEASES, CORBIS, the

CLINIQUE UNDERWATER TEST SHOOT, the SPEIGEL BEAUTY SHOOT, or the AVON SHOOT.

Dated: October 29, 2018         /s/ Jack Fitzgerald
                                JACK FITZGERALD (JF 3831)
                                *jack@jackfitzgeraldlaw.com*
                                TREVOR M. FLYNN (*pro hac vice*)
                                *trevor@jackfitzgeraldlaw.com*
                                MELANIE PERSINGER (*pro hac vice*)
                                *melanie@jackfitzgeraldlaw.com*
                                **THE LAW OFFICE OF JACK FITZGERALD, PC**
                                Hillcrest Professional Building
                                3636 Fourth Avenue, Suite 202
                                San Diego, California 92103
                                Phone: (619) 692-3840
                                Fax: (619) 362-9555

                                ***Attorneys for Plaintiff and the Proposed Class***

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| Elodie Passelaigue | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Getty Images (US), Inc. et al. | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.   16-cv-01362-VSB-BCM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                Max Miller

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: Cowan, DeBaets, Abrahams & Sheppard LLP<br> 41 Madison Avenue, 38th fl., New York, NY 10010<br> (or electronically to Plaintiff's counsel) | Date and Time:<br><br>11/08/2018 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/29/2018

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jack Fitzgerald |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Elodie Passelaigue
_____ , who issues or requests this subpoena, are:

 Jack Fitzgerald; The Law Office of Jack Fitzgerald, PC, 3636 Fourth Ave., Ste. 202, San Diego, CA 92103;
 jack@jackfitzgeraldlaw.com; (619) 692-3840

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   16-cv-01362-VSB-BCM

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ELODIE PASSELAIGUE, on behalf of
herself and all others similarly situated,

      Plaintiff,

           v.

GETTY IMAGES (US), INC., GETTY
IMAGES, INC., BILL DIODATO
PHOTOGRAPHY, LLC, and BILL
DIODATO,

      Defendants.

Case No. 16-cv-01362-VSB-BCM

**ATTACHMENT 1 TO SUPBOENA TO
MAX MILLER**

---

## <u>Attachment 1 - Definitions</u>

1.    Pursuant to the Local Civil Rules for the Southern and Eastern Districts of New York, this Attachment incorporates by reference the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3(c), regardless of whether or not those defined terms appear below in capital letters.

2.  In addition, the following definitions shall apply:

    a.    "YOU," "YOUR," and "MAX MILLER" shall mean the entity responding to this document subpoena, *i.e.*, Max Miller, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, present and former directors, employers, employees, attorneys, agents, other representatives, and all other PERSONS acting under their control or on their behalf.

b.    "PLAINTIFF" means plaintiff Elodie Passelaigue and, where applicable, any employers, employees, attorneys, agents, other representatives and all other PERSONS acting under her control or on her behalf.

c.    "BILL DIODATO" means defendant Bill Diodato, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under his control or on his behalf.

d.    "BILL DIODATO PHOTOGRAPHY, LLC" means defendant Bill Diodato Photography, LLC, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

e.    "GETTY" means defendant Getty Images (US), Inc., and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

f.     "CORBIS" means Corbis Corporation and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other PERSONS acting under their control or on their behalf.

g.     "MODEL RELEASES" means any document purporting to convey to a photographer any rights concerning an image, including without limitation ownership or usage rights, e.g. but not limited to the type of document constituting the Model Release attached to the Complaint as Exhibit 3 (Dkt. No. 1, at 63).

h.     CLINIQUE UNDERWATER TEST SHOOT means the photography shoot described in paragraphs 20-33 of the Complaint and resulting in the images offered for license by GETTY under "Creative #" 103435148, 103435150, 103435151, and 103435152.

i.     SPIEGEL BEAUTY SHOOT means the photography shoot described in paragraphs 34-38 of the Complaint and resulting in the images offered for license by GETTY under "Creative #" 103434250, 103434252, and 103434254.

j.     AVON SHOOT means the photography shoot which resulted in the image offered for license by GETTY under "Creative #" 103434251.

## **Attachment 1 – Instructions**

1.      These Document Requests are continuing, and YOU are required to supplement YOUR responses seasonably.

2.      If YOU object to any Request, state with specificity all grounds for YOUR objection; any ground not stated in an objection shall be deemed waived.

3.      If YOU assert a claim of privilege in objecting to any Request, and do not provide a response or withhold information in full or in part on the basis of such assertion:

        a.      In the objection to the Request, identify the privilege being claimed or asserted;

        b.      Provide the following information in the objection, unless divulging such information would cause disclosure of the allegedly privileged information: (A) the type of DOCUMENT; (B) the general subject matter of the DOCUMENT; (C) the date of the DOCUMENT; and (D) other information sufficient to identify the DOCUMENT including the author(s), addressee(s), copyholder(s) (including "blind" copyholders), and, where not apparent, the relationship of the author(s) to the addressee(s) and copyholder(s).

4.      The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed outside its scope.

5.     The words "and" and "or" shall be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed outside its scope.

6.     All defined terms noted above shall be considered defined, regardless of whether they are presented in all capital letters, initial capital letters, or without any capital letters.

7.     In responding to these Document Requests, YOU are required to furnish all DOCUMENTS available to YOU, including DOCUMENTS in the possession, custody, or control of YOUR attorneys, officers, agents, employees, accountants, consultants, representatives, or any PERSONS directly or indirectly employed by YOU or otherwise connected with YOU or YOUR attorneys or anyone else subject to YOUR control. All DOCUMENTS that are responsive, in whole or in part, to any portion of these Document Requests shall be produced in their entirety, including all attachments.

8.     ALL DOCUMENTS should be produced as they are kept in the ordinary course of business or should be organized and labeled to correspond to the specific requests to which they are responsive. All DOCUMENTS should be produced in any file folder or carton in which they have been maintained, and should be stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found.

9.     In the event that any DOCUMENT responsive to any Request has been destroyed or discarded, identify that DOCUMENT by stating the title (if known) and nature of the DOCUMENT, and furnish a list signed by the attorney of record giving the

following information with respect to each DOCUMENT: (a) any addressor or addressee; (b) any indicated or blind copies; (c) the DOCUMENT'S date, subject matter, number of pages, and attachments or appendices; (d) all PERSONS to whom the DOCUMENT was distributed, shown, or explained; (e) its date of destruction or discard and the manner of destruction or discard; and (f) the PERSONS authorizing and the PERSONS carrying out such destruction or discard.

## **Attachment 1 – Requests for Documents and Objects**

Request No. 1

Any email COMMUNICATIONS from your personal email CONCERNING PLAINTIFF, BILL DIODATO, BILL DIODATO PHOTOGRAPHY, LLC, GETTY, MODEL RELEASES, CORBIS, the CLINIQUE UNDERWATER TEST SHOOT, the SPEIGEL BEAUTY SHOOT, or the AVON SHOOT.

Request No. 2

To the extent not produced in response to the above request, any responsive DOCUMENTS in YOUR possession CONCERNING PLAINTIFF, BILL DIODATO, BILL DIODATO PHOTOGRAPHY, LLC, GETTY, MODEL RELEASES, CORBIS, the CLINIQUE UNDERWATER TEST SHOOT, the SPEIGEL BEAUTY SHOOT, or the AVON SHOOT.

Dated: October 29, 2018          /s/ Jack Fitzgerald
                                JACK FITZGERALD (JF 3831)

*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (*pro hac vice*)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (*pro hac vice*)
*melanie@jackfitzgeraldlaw.com*
**THE LAW OFFICE OF JACK FITZGERALD, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

***Attorneys for Plaintiff and the Proposed Class***

# EXHIBIT M

| | |
|---|---|
| **From:** | Jack Fitzgerald <jack@jackfitzgeraldlaw.com> |
| **Sent:** | Friday, November 02, 2018 10:03 PM |
| **To:** | Scott Sholder; Marissa Lewis; 'Melanie Persinger' |
| **Cc:** | Nancy Wolff |
| **Subject:** | RE: Passelaigue v. Getty Images (US), Inc., et al. - Outstanding discovery matters |

Scott,

You avoided addressing my request.

There are lots of reasons Getty's testimony may be relevant, but I assume you do not, in any event, dispute the relevance of the three witnesses whose declarations you have proffered in support of the motion. Accordingly, please confirm that Defendants will stipulate to our Rule 11 response deadline being continued to sometime after we take Miller's, Hilfiker's, and Benward's depositions in or around the week of January 7, and we will prepare a stipulation to get on file early next week.

Regarding Ms. Benward, just a few weeks ago, following our serving her personally with at deposition subpoena, you advised that you represented her and asked that we direct all service on her to you. It disturbing that you apparently are not in touch with her, since we—at your direction—served the recent document subpoena on her, which calls for production of documents on November 8. Please be advised that if we do not receive shortly a proposed deposition date for Benward, or responsive documents in her possession on November 8, we will have little choice but to file a miscellaneous action moving to compel her response to the subpoenas.

Regards,
Jack

_____

Jack Fitzgerald

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f) 619-362-9555
(c) 650-440-3170

www.jackfitzgeraldlaw.com

---

**From:** Scott Sholder <ssholder@cdas.com>
**Sent:** Friday, November 2, 2018 6:46 PM
**To:** jack@jackfitzgeraldlaw.com; Marissa Lewis <mlewis@cdas.com>; 'Melanie Persinger'

<melanie@jackfitzgeraldlaw.com>
**Cc:** Nancy Wolff <NWolff@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images (US), Inc., et al. - Outstanding discovery matters

I don't see the relevance between your Rule 11 response and a Getty Images 30(b)(6) given that the allegations that were either made up or misremembered had to do with Diodato, not Getty Images, and you already deposed Diodato.

Miller and Hilfiker are traveling and have work and family commitments over the next two months and will not be available until the week of January 7.  We have not heard back from Benward.

We can discuss these matters next week, except for Monday; I will be in a deposition all day (hence why I was unavailable today).


Scott Sholder
Cowan, DeBaets, Abrahams & Sheppard LLP
*tel: 212-974-7474*
ssholder@cdas.com

---

**From:** Jack Fitzgerald <jack@jackfitzgeraldlaw.com>
**Sent:** Friday, November 2, 2018 8:20 PM
**To:** Marissa Lewis <mlewis@cdas.com>; 'Melanie Persinger' <melanie@jackfitzgeraldlaw.com>
**Cc:** Scott Sholder <ssholder@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images (US), Inc., et al. - Outstanding discovery matters

We would like Getty's deposition before our Rule 11 response is due. Will you agree to continue our deadline to respond until your client can produce a witness?

We have also asked for dates ASAP for Miller, Hilfiker, and Benward (which is one of the reasons it was important to us to have the call today) – please advise.

Regards,
Jack


_____


Jack Fitzgerald

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f)  619-362-9555
(c) 650-440-3170


www.jackfitzgeraldlaw.com

**From:** Marissa Lewis <mlewis@cdas.com>
**Sent:** Friday, November 2, 2018 5:16 PM
**To:** Melanie Persinger <melanie@jackfitzgeraldlaw.com>
**Cc:** jack@jackfitzgeraldlaw.com; Scott Sholder <ssholder@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images (US), Inc., et al. - Outstanding discovery matters

Hi Melanie,

The timing of my response was due to circumstances outside of our control.  It appears you may have misread my initial email; to the extent it was unclear, I did not ask that the meet-and-confer be held by November 22, 2018, but rather, that you provide your availability by today.  Considering no meet-and-confer would have been necessary had the deficiencies been remedied by today's deadline, we did not account for a call in this week's schedule.  In any event, we look forward to a productive meet-and-confer on these issues at some point next week.

As for deposition scheduling, Getty Images has informed us that its 30(b)(6) witness is not available on November 7, 2018.  We are waiting to hear back on the witness's availability and will provide you with a proposed date as soon as we can.  It will likely be in December 2018.

Regards,
Marissa


Marissa Lewis
Cowan, DeBaets, Abrahams & Sheppard LLP
*tel: 212-974-7474*
mlewis@cdas.com

**From:** Melanie Persinger [mailto:melanie@jackfitzgeraldlaw.com]
**Sent:** Friday, November 02, 2018 12:46 PM
**To:** Marissa Lewis <mlewis@cdas.com>
**Cc:** jack@jackfitzgeraldlaw.com; Scott Sholder <ssholder@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images (US), Inc., et al. - Outstanding discovery matters

Hi Marissa,

It's a little disappointing that your initial email insisted on a teleconference by today, November 2, 2018, even threatening to seek the Court's involvement if we did not reply in a timely manner, but when we responded the very next day that we are available for a call today, you waited until Thursday evening to tell us you're not actually available. Nevertheless, if you are not available for a call today, we will provide our availability for early next week, but we ask that you first confirm that Getty will be providing a witness for the noticed 30(b)(6) deposition on November 7, 2018.

Regards,

_____
Melanie Persinger

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840

3

(f) 619-362-9555

www.jackfitzgeraldlaw.com

---

**From:** Marissa Lewis <mlewis@cdas.com>
**Sent:** Thursday, November 1, 2018 3:01 PM
**To:** Melanie Persinger <melanie@jackfitzgeraldlaw.com>
**Subject:** RE: Passelaigue v. Getty Images (US), Inc., et al. - Outstanding discovery matters

Hi Melanie,

Thank you for the follow-up.  Scott would like to be on the call but will be preparing for a deposition tomorrow.  Please propose times for a call next week instead and I will coordinate with Scott.

Marissa

> Marissa Lewis
> Cowan, DeBaets, Abrahams & Sheppard LLP
> *tel: 212-974-7474*
> mlewis@cdas.com

---

**From:** Melanie Persinger [mailto:melanie@jackfitzgeraldlaw.com]
**Sent:** Thursday, November 01, 2018 5:54 PM
**To:** Marissa Lewis <mlewis@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images (US), Inc., et al. - Outstanding discovery matters

Hi Marissa,

Just following up on my below email regarding scheduling a meet and confer call tomorrow, November 2, 2018.

Regards,

_____
Melanie Persinger

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f) 619-362-9555

www.jackfitzgeraldlaw.com

---

**From:** Melanie Persinger <melanie@jackfitzgeraldlaw.com>
**Sent:** Tuesday, October 30, 2018 12:39 PM

**To:** 'Marissa Lewis' <mlewis@cdas.com>; 'jack@jackfitzgeraldlaw.com' <jack@jackfitzgeraldlaw.com>
**Cc:** 'trevor@jackfitzgeraldlaw.com' <trevor@jackfitzgeraldlaw.com>; 'Nancy Wolff' <NWolff@cdas.com>; 'Scott Sholder'
<ssholder@cdas.com>
**Subject:** RE: Passelaigue v. Getty Images (US), Inc., et al. - Outstanding discovery matters

Hi Marissa,

We are in receipt of your below email raising various discovery issues. Given the other discovery issues raised by
plaintiff, we think it makes sense to have a call on Friday November 2, 2018 to discuss all remaining outstanding
discovery issues. To that end, please provide us with your availability this Friday.

Regards,

_____
Melanie Persinger

**The Law Office of Jack Fitzgerald, PC**
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f) 619-362-9555

www.jackfitzgeraldlaw.com

---

**From:** Marissa Lewis <mlewis@cdas.com>
**Sent:** Monday, October 29, 2018 3:39 PM
**To:** jack@jackfitzgeraldlaw.com; Melanie Persinger <melanie@jackfitzgeraldlaw.com>
**Cc:** trevor@jackfitzgeraldlaw.com; Nancy Wolff <NWolff@cdas.com>; Scott Sholder <ssholder@cdas.com>
**Subject:** Passelaigue v. Getty Images (US), Inc., et al. - Outstanding discovery matters

Dear Jack and Melanie,

We are writing with regard to numerous discovery matters that remain unresolved, despite our previous attempts to
address many of them:

- Discovery Issues Raised in September 18, 2018 Letter:  You have neither responded nor taken any steps to
  remedy the many discovery deficiencies identified in our September 18, 2018 letter, a copy of which is
  attached.  Please immediately remedy the issues identified therein by, among other things, providing an
  amended privilege log; producing copies and/or unredacted copies of all documents improperly designated as
  privileged; and producing all documents mentioned during Plaintiff's deposition (including all those listed in our
  email dated August 28, 2018, which is also attached).

- Putative Class Members' Discovery Responses:  Putative class members Phil Bram, Andressa Costa, and Brittany
  Clybourn have yet to respond to Defendants First Sets of Document Requests and Interrogatories dated July 2,
  2018.  The deadline for response expired nearly three months ago and accordingly any and all objections have
  been waived.  Please immediately provide these responses.  As you know, Defendants served discovery
  demands on these models in particular because we are under the impression that you represent each of them
  for purposes of this action.  Our impression is based on your explicit representations, dating back as early as

August 9, 2017.  However, if we are mistaken as to such representation, please immediately advise so that we can procure the necessary discovery through other channels.

- <u>Order to Contact Modeling Agencies for Documents:</u>  During the conference held on September 7, 2018, the Court directed Plaintiff to contact all of her current modeling agencies (regardless of location) and all of her former modeling agencies located outside the U.S. to request production of documents, including model releases and payment-related documentation, responsive to Defendants' Document Request Nos. 5 and 22 (First Set) and Document Request No. 1 (Second Set).  *See* Transcript dated Sept. 7, 2018 at 11:2-25, 12:23-14:11.  Please immediately produce all documents that you have obtained through these agencies.  In addition, please provide a record of each agency that you have contacted in furtherance of the Court's Order to date.  In particular, for each agency you have contacted in this regard, please provide:  (i) the agency's name and contact information, including the name and contact information of your specific agency contact; (ii) the time period during which Plaintiff is or was represented by such agency; (iii) a summary of your attempt(s) to contact such agency pursuant to the Court's Order, including the date(s); (iv) a summary of any response(s) by such agency, including the date(s) and the name(s) and contact information of the individual(s) who responded on the agency's behalf; and (v) the status or outcome of such contact, including, for example, whether the agency has provided or will soon provide the requested documents.

- <u>Plaintiff's Failure to Answer Second Set of Interrogatories:</u>  We have not received any response to Defendants' Second Set of Interrogatories, which was served on Plaintiff on September 18, 2018.  Plaintiff has waived any and all objections to such Interrogatories by virtue of her failure to respond within the time period allowed.  Please immediately provide responses.

We ask that you either remedy the above-mentioned issues or provide your availability for a meet-and-confer to discuss by <u>no later than this Friday November 2, 2018</u>.  We have been exceedingly patient in the past, but with the mediation now behind us and discovery in full swing, we will not hesitate to seek the Court's involvement if we do not hear from you in a timely manner.

Regards,
Marissa



Marissa Lewis
Associate
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th fl., New York, NY 10010
*tel: 212-974-7474  / fax: 212-974-8474*
mlewis@cdas.com / www.cdas.com

*** This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the Recipient(s) indicated and may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended Recipient you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail. *** [v4141]